386 A.2d 69

**COMMONWEALTH ex rel. Heather Lee GULAS, by her mother and natural guardian, Lorraine Gulas**

v.

**Robert W. GULAS, Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1977.

Decided April 28, 1978.

Correale F. Stevens, Hazleton, for appellant.

Thomas J. Carlyon, Hazleton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from an order of the Common Pleas Court of Luzerne County granting custody of appellant's minor child to appellee, the natural mother. We find the lower court impermissibly relied on the "tender years" doctrine in making the award and therefore reverse and remand for further proceedings.

Robert and Lorraine Gulas were married in April, 1975, and one child, Heather Lee, was born of the marriage later that year. While the recollection of the parties differs concerning the circumstances of their separation, they agree Lorraine left their apartment on May 1, 1976. Soon after the separation, appellant moved in with his parents and shared with them the responsibility of caring for Heather. The mother made no attempt to regain custody of the child until two weeks after the separation when she visited the

Gulas home for that purpose. The father and paternal grandparents refused to relinquish Heather, and the mother then instituted a civil habeas corpus action. In its opinion the lower court found that both parents were equally suitable for the custody award and therefore referred to the "tender years" doctrine in granting custody to the natural mother.

Appellant contends the reliance on the "tender years" doctrine violated his rights under the Equal Rights Amendment to the Pennsylvania Constitution, Pa.Const. Art. 1, § 28. He further contends the lower court abused its discretion in granting custody to the mother based on the testimony presented.

■ In custody proceedings, the scope of our review is quite broad. While we are not bound by the trial court's determination, we must defer to it if the judge has made a comprehensive inquiry supported by the evidence. *Com. ex rel. Schall v. Schall*, 251 Pa.Super. 262, 264, 380 A.2d 478, 479 (1977).

In our review of the instant case, the parties testified to virtually equal circumstances and living conditions at the time of the hearing. The hearing judge explicitly relied on the "tender years" doctrine, i. e., the presumption that the child's needs are best served while in the custody of its mother, to tip the scales in favor of the mother. This reliance precludes us from deciding which parent would serve the best interests of the child because, after he wrote his opinion, the Supreme Court of Pennsylvania, in a plurality opinion, greatly criticized the use of the tender years presumption. Mr. Justice Nix said:

"We also question the legitimacy of a doctrine that is predicated upon traditional or stereotypic roles of men and women in a marital union. Whether the tender years doctrine is employed to create a presumption which requires the male parent to overcome its effect by presenting compelling contrary evidence of a particular nature; *Commonwealth ex rel. Lucas v. Kreischer*, 450 Pa. 352, 299 A.2d 243 (1973); *Commonwealth ex rel. Logue v. Logue*,

194 Pa.Super. 210, 166 A.2d 60 (1960), or merely as a makeshift where the scales are relatively balanced; *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972); *Commonwealth ex rel. Veihdeffer v. Veihdeffer*, 235 Pa.Super. 447, 344 A.2d 613 (1975), such a view is offensive to the concept of the equality of the sexes which we have embraced as a constitutional principle within this jurisdiction. See Pa.Const., Art. 1, § 28; *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). Courts should be wary of deciding matters as sensitive as questions of custody by the invocation of 'presumptions.' Instead, we believe that our courts should inquire into the circumstances and relationship of all the parties involved and reach a determination based solely upon the facts of the case then before the Court." *Com. ex rel. Spriggs v. Carson*, 470 Pa. 290, 299–300, 368 A.2d 635, 639 (1977).

We have recently decided several cases where the custody hearing, order, and opinion of the court, which relied on the "tender years" presumption, occurred before the *Spriggs* case, but reached our court after the law had changed. E. g., *Com. ex rel. Scott v. Martin*, 252 Pa.Super. 178, 381 A.2d 173 (1977); *Commonwealth ex rel. Schall v. Schall*, supra; *Commonwealth ex rel. Lee v. Lee*, 248 Pa.Super. 155, 374 A.2d 1365 (1977); *Commonwealth ex rel. McGowan v. McGowan*, 248 Pa.Super. 41, 374 A.2d 1306 (1977). In these cases we noted that the language of the Supreme Court in *Spriggs* eliminated the use of the "tender years" doctrine even as a procedural device. *Commonwealth ex rel. Schall v. Schall*, supra, is a case similar to the instant one where we said:

> "Given this change in the law, in fairness both to the father and mother, not to mention the child, we must remand so that the hearing judge may consider whether in light of *Spriggs* and *McGowan* his decision would be different. 380 A.2d at 480."

There we remanded for the lower court to file a supplemental opinion to explain his decision without the use of the "tender years" presumption, after which the parties could request further argument before this court.

■ In light of *Spriggs* and the cases decided thereafter, we must follow their lead and remand so that the hearing judge may consider if his decision would be different absent his reliance on the doctrine.

Accordingly, the order of the court below is reversed and the case remanded for further proceedings consistent with this opinion.

PRICE, J., concurs in the result.

JACOBS, President Judge, notes his dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.