422 A.2d 157

COMMONWEALTH ex rel. C. A. F.

v.

.M. R. F., Appellant. ·

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Oct. 10, 1980.

Neil Hurowitz, King of Prussia, for appellant.

Mark C. Schultz, Norristown, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

PER CURIAM:

This case involves a custody dispute over the parties' four–year–old son, C.F. The parties separated in October, 1975 when the child was seven months old. They were

* President Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

divorced in October, 1978. After the separation and until January 3, 1979, the child resided with his mother, C.A.F. On that date the father, M.R.F., took custody of the child from the mother. The mother then filed a petition for writ of habeas corpus. The writ was issued and hearings were held on the matter before Judge Milton O. Moss. Custody was awarded to the mother. The father appeals. After a careful review of the record and the opinion of Judge Moss, we conclude that a remand is necessary.

The standard of review this court will exercise was recently set forth in *In re Custody of White*, 270 Pa.Super. 165, 169–170, 411 A.2d 231, 232–33 (1979).

[I]t is well established that the scope of review of this court in such disputes is of the broadest type. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977); *Commonwealth ex rel. Myers v. Myers*, 468 Pa. 134, 360 A.2d 587 (1976); *In re Custody of Neal*, 260 Pa.Super. 151, 393 A.2d 1057 (1978). Although we will not usurp the fact–finding function of the trial court, we are not bound by deductions or inferences made by the hearing judge from the facts as found. *Trefsgar v. Trefsgar*, 261 Pa.Super. 1, 395 A.2d 273 (1978); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa. Super. 229, 312 A.2d 58 (1973). Because of the Commonwealth's legitimate and overriding concern for the well–being of its children, we are required to render an independent judgment based on the evidence and testimony and make such order on the merits of the case as to effect a just result. *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1977); *Commonwealth ex rel. Zeedick v. Zeedick*, 213 Pa.Super. 114, 245 A.2d 663 (1968). So as to facilitate this broad review, we have consistently emphasized that the hearing court must provide us not only with a complete record, *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974), but also with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate deci-

sion. *Martincheck v. Martincheck,* 262 Pa.Super. 346, 396 A.2d 788 (1979); *Tobias v. Tobias,* 248 Pa.Super. 168, 374 A.2d 1372 (1977); *Gunter v. Gunter,* 240 Pa.Super. 382, 361 A.2d 307 (1976). Absent an abuse of discretion, we will not reverse a hearing judge who complies with these requirements.

■ We find that the trial judge abused his discretion by basing his award of custody on the erroneous belief that the mother was unemployed. The court specifically stated that the mother is a waitress who was presently unemployed, whereas it is clear from the mother's own testimony that she was presently employed as a waitress (N.T.Vol. 1, pp. 4 and 56). Although it is not stated on the record the number of days per week the mother works, she did state that she works lunch from 10:30 a. m. to 3:30 p. m. The father has a full–time job. While living with his father, the child attends a Montessori school during his father's working hours. Thus comparing the situation of the full–time working father and the unemployed mother the court stated:

It appears to this Court that the child, [C.F.], will receive greater benefits from the regular virtually round–the–clock care of his mother than from day–long sessions at the Montessori School and part–time paternal care during the balance of the time.

\* \* \* \* \* \*

Nonetheless, we find that in the instant case the mother of this four–year–old child possesses the sincerity, the ability, and the time to devote her ability and attention to the proper upbringing of her son. On the other hand, the father is engaged in a "full–time" daily bread–winning occupation which is simply incompatible with the supervision of a child of tender years. The father may be sincere, but he over–estimates his capability and his failure to make provision for domestic care during his absence–in short, dividing the full responsibility for the care and upbringing of the boy between himself and the private school is unsatisfactory, if not impractical.

Nevertheless, the trial judge specifically found that the father's interest in the child is genuine.

While the provisions made for the child during his father's working hours were fully explored on the record, it is not clear how the mother intends to care for the child while she is working. Although on cross examination the mother stated that the child would go to a nursery school, this information alone is not sufficient upon which to conclude that it serves the child's interest to a greater degree than those provisions made by the father.

On remand the lower court should consider the amount of time the mother spends working and the provisions she will make for the child's care in her absence. Only then will the trial judge be in a position to make an informed judgment as to the child's best interest.

Remanded for further proceedings consistent with this opinion.