428 A.2d 627

**In re Jennifer Lynn ARNOLD.**

**Appeal of Merrill S. ARNOLD.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed April 10, 1981.

---

Marshall E. Anders, Stroudsburg, for appellant.

Arthur Ridley, Milford, for Strock, participating party.

Before PRICE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from an award of custody to the natural mother, appellee herein. The appellant is the natural father. We have before us a record in excess of 300 pages, including home study reports, medical reports, and other miscellaneous exhibits. The record reveals that the matter was vigorously contested by the parties. The child, 6 years of age at the time of hearing, was interviewed. The opinion in support of the order involved in this appeal is three pages in length. For the reasons that follow we shall remand for the entry of a full opinion.

Preliminarily, it is well established that the scope of review of this court in such disputes is of the broadest type. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977); *Commonwealth ex rel. Myers v. Myers*, 468 Pa. 134, 360 A.2d 587 (1976); *In re Custody of Neal*, 260 Pa.Super. 151, 393 A.2d 1057 (1978). Although we will not usurp the fact-finding function of the trial court, we are not

bound by deductions or inferences made by the hearing judge from the facts as found. *Trefsgar v. Trefsgar*, 261 Pa.Super. 1, 395 A.2d 273 (1978); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). Because of the Commonwealth's legitimate and overriding concern for the well-being of its children, we are required to render an independent judgment based on the evidence and testimony and make such order on the merits of the case as to effect a just result. *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1977); *Commonwealth ex rel. Zeedick v. Zeedick*, 213 Pa.Super. 114, 245 A.2d 663 (1968). So as to facilitate this broad review, we have consistently emphasized that the hearing court must provide us not only with a complete record, *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974), but also with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision. *Martincheck v. Martincheck*, 262 Pa.Super. 346, 396 A.2d 788 (1979); *Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976). Absent an abuse of discretion, we will not reverse a hearing judge who complies with these requirements.

Instantly, this requisite reasoned analysis of the pertinent evidence is absent. It is axiomatic that the pole star of any custody proceeding is the best interests of the child, a term which encompasses her spiritual, physical, emotional and intellectual well being. *In re Custody of White*, 270 Pa.Super. 165, 411 A.2d 231 (1979); *In re Custody of Neal, supra; Shoup v. Shoup*, 257 Pa.Super. 263, 390 A.2d 814 (1978); *Commonwealth ex rel. Scott v. Martin*, 252 Pa.Super. 178, 381 A.2d 173 (1977); *Commonwealth ex rel. Cutler v. Cutler*, 246 Pa.Super. 82, 369 A.2d 821 (1977).

Indeed, we are offered no guidance as to the credibility of the witnesses nor a thorough analysis of the record. Indeed, it is hard to find specific reasons for the ultimate decision. We have often noted that the hearing judge is in a far

superior position to determine matters of credibility, and to evaluate the attitude and sincerity of the witnesses. *Jones v. Kniess*, 249 Pa.Super. 134, 375 A.2d 795 (1977). Such an advantage is negated, however, when the trial court fails to enunciate its findings on credibility, or reveal the details of its decision.

While we might review the record and reach a conclusion without the benefit of a proper analysis by the lower court, such a course would serve neither the best interests of the children nor the Commonwealth. We are loath to pass judgment on something as precious and intrinsically valuable as a child's welfare without every possible piece of information bearing on the subject. It is for this reason that we demand a full record and a probing analysis thereof. Instantly, the opinion we are presented with renders it impossible to effect a just result.

We note that the depositions used were taken beginning in June, 1979. The record hearing was concluded August 20, 1979. The home studies were completed in late 1979. Although the briefs and record note this to be an appeal from an order of December 19, 1980, we note from the docket and the order that the correct date is December 19, 1979. This appeal was not argued before us until January 7, 1981. We have no explanation for this delay. This remand may present to the trial court the necessity and additional opportunity to review by the taking of current testimony and information in the nature of review. We do not require it, but neither do we foreclose the possibility.

The order of the lower court is consequently set aside, and the record is remanded for entry of a full opinion, and if deemed desirable, the making of a more current record. Upon completion of any additional record, and entry of a full opinion the record will be returned for relisting and reargument, with a new briefing schedule if the parties desire, before a panel of this court.

HOFFMAN, J., files a concurring opinion.

HOFFMAN, Judge, concurring:

I agree that we must remand this case for entry of a full opinion. I note, however, that although the Court properly acknowledges that our scope of review in custody cases "is of the broadest type," at 628, it goes on to state that "*[a]bsent an abuse of discretion,* we will not reverse a hearing judge who complies with [the] requirements" of providing us "not only with a complete record, . . . but also with a complete and comprehensive°opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision." At 628 (emphasis added; citations omitted). In *Commonwealth ex rel. E. H. T. v. R. E. T.,* 285 Pa.Super. 444, 427 A.2d 1370 (1981) (Concurring Opinion), I expressed my belief "that employment of an 'abuse of discretion' standard [in custody cases] is wholly at odds with the broad scope of review and independent judgment which our cases command we perform and which such sensitive subject ·matter merits." 285 Pa.Super. 444– 427 A.2d 1370. Consequently, I urged disavowal of "a standard which is inconsistent with both our responsibility and our actual practice of closely scrutinizing custody decisions." *Id.,* 285 Pa.Super. 444, 427 A.2d 1370 (footnote omitted). I continue to be of that opinion and, accordingly, disapprove of the Court's expressed adherence to the abuse of discretion standard of review in custody cases.