456 A.2d 221

**COMMONWEALTH of Pennsylvania ex rel.**
**Barbara DEBEARY**

**v.**

**Robert DEBEARY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 28, 1982.

Filed Feb. 11, 1983.

Jimmie Moore, Philadelphia, for appellant.

Henry J. Lunardi, Philadelphia, for appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

PER CURIAM:

This is an appeal from an order awarding custody of minor children to their mother. On appeal, the father makes several arguments, which may be compressed into two: that the lower court's opinion is inadequate; and that the record does not support the lower court's conclusion that an award of custody to the mother will serve the children's best interests. We affirm.

The parties have three children: Robin, Barbara, and Robert. In May 1978 the father removed the two younger children from the mother's home; Robin remained with the mother. The mother petitioned for custody of all three children. The petition was granted nearly four years ago.[1]

1. Notice of appeal was filed on February 20, 1979. The record was not transmitted to this court until August 5, 1981. Thereafter, appellant's counsel filed numerous petitions for extensions, as well as a motion to withdraw as counsel, followed by a praecipe to withdraw

–1–

 The father is correct, that a remand is necessary where the lower court's opinion does not adequately explain the reasons for a custody award. *See, e.g., Commonwealth ex rel. Newcomer v. King,* 301 Pa.Super. 239, 447 A.2d 630 (1982); *In re Arnold,* 286 Pa.Super. 171, 428 A.2d 627 (1981). However, unlike the lower court opinions in other cases where remand was ordered, the opinion here, while brief, does refer to evidence, state the court's reasoning (instead of merely its conclusions), and discuss demeanor and credibility.

–2–

 Nor are we persuaded by the father's argument that the record does not support the award. To the contrary, the record and the opinion provide a sound basis for the award in favor of the mother: the children's caretaker in the mother's absence—maternal grandmother or neighbor—seems more familiar to the children than the father's girlfriend; witnesses testified to the mother's suitability as a parent; Robin wanted to stay with her mother; and it is usually better for siblings to stay together.

Also, as mentioned, it has been almost four years since the mother was awarded custody, and on general principle, it is better for children's lives not to be disrupted after this much time. If during these four years changes have occurred that show that nevertheless it would be better for the children to be with their father, nothing precludes the father, on appropriate petition to the lower court, from proving those changes. *See, e.g., Friedman v. Friedman,* 224 Pa.Super. 530, 307 A.2d 292 (1973); *Commonwealth ex rel. Hickey v. Hickey,* 216 Pa.Super. 332, 264 A.2d 420 (1970).

Affirmed.

his petition for withdrawal. Appellant's brief was not filed until June 1, 1982. The case was argued to this court on September 28, 1982.