464 A.2d 423

**Debora Jean CADY**

v.

**Bonnie Lou WEBER and Albert T. Weber, Appellants.**

Superior Court of Pennsylvania.

Argued June 8, 1983.

Filed Aug. 5, 1983.

482

Robert F. Hawk, Assistant District Attorney, Butler, for appellants.

Marilyn Horan-Reeder, Butler, for appellee.

Before CERCONE, P.J., and SPAETH and HESTER, JJ.

HESTER, Judge:

This case centers on a struggle for the custody of two minor children, Jonathan Daniel Weber, born April 27, 1976, and Dale Evan Cady, born August 13, 1977. The contestants are the children's natural mother, appellee herein, and appellants, who are the maternal grandparents of the children.

Jonathan and Dale have resided with appellants almost since birth. Appellee was seventeen when she gave birth to Jonathan; Dale was born sixteen months later. During this time period, appellee and her children resided with her parents on a sporadic basis. Shortly before Dale's birth, she married her present husband. Dale immediately developed serious medical problems, necessitating lengthy hospital stays. Appellee remained with her infant while her older child was cared for by appellants. In July of 1978, appellee and her husband moved to Nevada to seek employment. Until such time as she and her husband resolved some marital problems and were settled into their new life, appellee decided to leave her children with appellants. To that end, she signed a formal agreement transferring legal custody of Jonathan and Dale to her parents. When appellee thereafter requested the return of her children approximately four months later, appellants refused to surrender custody. Habeas corpus proceedings were instituted, and evidentiary hearings were held on March 5 and March 10, 1982. On April 7, 1982, the lower court entered an Order awarding custody to appellee. It is from this Order that appellants have perfected this appeal.

Appellants argue that the opinion of the lower court lacked a comprehensive and thorough analysis of the record and failed to include specific reasons for its decision. Thus, they contend that the Order of Court in its present form is unenforceable. Specifically, they assert that the lower court failed to comply with Pa.R.C.P. No. 1915.10(a), which states in pertinent part:

"In contested actions for custody and partial custody, the court shall ... include the reasons for its decision,

which ... may be in narrative form, and shall make an appropriate order. which shall be a final order for purposes of appeal."

Adopted December 10, 1981, effective July 1, 1982.

Appellee avers that Rule 1915.10(a) only became effective subsequent to the date of the lower court opinion herein, which was filed on April 7, 1982. Consequently, the trial judge was not bound to follow the mandate of that rule. Rather, according to appellee, at that time the trial court need only comply with Pa.R.A.P. No. 1925, which provides:

"(a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found."

Thus, appellee contends that the trial court's three page opinion satisfied the requirements extant at that time, and failure to adhere to Rule 1915.10(a) does not warrant any grant of relief.

■ While Rule 1915.10(a) may not have been in effect at the time the lower court rendered its opinion, appellee is laboring under the false impression that, prior to the enactment of this rule, a judge hearing a custody matter was not required to state the reasons for his or her decision in any great detail. In fact, this court has long required the lower courts to provide us with a complete record and a comprehensive opinion which contains a thorough analysis of the record and specific reasons for its ultimate decision. *Robert H.H. v. May L.H.*, 293 Pa.Super. 431, 439 A.2d 187 (1981); *Ray v. Ray*, 293 Pa.Super. 216, 438 A.2d 614 (1981); *In re Arnold*, 286 Pa.Super. 171, 428 A.2d 627 (1981); *Commonwealth ex rel. C.A.F. v. M.R.F.*, 281 Pa.Super. 258, 422 A.2d 157 (1980); *Commonwealth ex rel. Gulas v. Gulas*, 254 Pa.Super. 516, 386 A.2d 69 (1978); *Common-*

*wealth ex rel. Schwarz v. Schwarz*, 252 Pa.Super. 95, 380 A.2d 1299 (1977); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). "The lower court's opinion must address the testimony and the law; it must indicate the grounds for selecting the particular findings, and the reasoning process by which the judge reached his ultimate conclusion." *Commonwealth ex rel. Newcomer v. King*, 301 Pa.Super. 239, 245, 447 A.2d 630, 633 (1982). Only thus can we determine that the findings of the hearing judge are supported by competent evidence. *In re Arnold, supra; Jones v. Floyd*, 276 Pa.Super. 76, 419 A.2d 102 (1980).[1]

■ Appellee alternately contends that such a requirement pertains only to final appealable orders. Herein, appellee characterizes the Order of April 7, 1982, as an initial decision which renders any appeal therefrom interlocutory. The lower court, in its opinion, ordered additional studies to be compiled of the children during visits in the parties' respective homes. The judge directed that those reports be forwarded to him, upon their completion, for further consideration. In the interim, custody of the children was to remain with appellants, except for a six-week

1. Pa.R.C.P. No. 1915.10 was amended by Order of the Supreme Court on November 8, 1982. At that time, paragraph (a), which contained the requirement that a court hearing custody matter "shall include the reasons for its decision" in its order, was deleted. The new Rule 1915.10 became effective January 1, 1983, and was made applicable to all actions pending at that time. In spite of the fact that paragraph (a) was deleted, an Explanatory Note—1981, which addressed that section, was nonetheless retained. Therein, the Supreme Court continued to observe that, if an action is appealed to the Superior Court, the trial judge must file a complete and comprehensive opinion wherein an exhaustive analysis of the record and specific reasons for the court's decision can be found. Although the Supreme Court chose to formally extinguish that requirement from the rules, this Court has continued to urge the filing of comprehensive and analytical opinions by lower courts handling custody matters. *See Commonwealth ex rel. Debeary v. Debeary*, 310 Pa.Super. 137, 456 A.2d 221 (1983). Just as we did before Rule 1915.10(a) was promulgated, we will continue to require a comprehensive inquiry below. Only by doing so can we review the exercise of the weighty responsibility with which the trial judge is charged in seeking to determine the best interests of a child.

visit to appellee. Appellee asserts that the only proper appeal would be from the order which the trial judge intended to enter after studying the additional reports.[2]

Our assessment of the lower court's opinion leads us to conclude that a final award of custody was, in fact, entered. The Order stated:

"AND NOW, this 7th day of April, 1982, upon hearing commenced on March 5, 1982, the Court finds that the best interest of the minor children would be served by eventually transferring custody of the children to their natural mother."

Although the hearing judge may not have intended for custody of the children to change hands immediately, it is clear that any period of transition, no matter how formulated, would eventually result in the children joining their natural mother. In support of our view, we note that the court referred to its future order as "concerning *implementation* of the transfer of custody." (Emphasis added). The decision to award custody to the mother was firmly resolved; all that remained indefinite was the means of accomplishing that goal. Speculation in that regard merely evinced a judicious concern for reducing the traumatic impact inherent in any change of custody. It did not render the Order of Court any less definite. As such, the Order is a final order for purposes of appeal. The instant appeal is therefore timely and proper, and entails the need for a comprehensive opinion such as outlined above.[3]

2. This second order was never entered because the effect of the instant appeal was to stay all proceedings below. Pa.R.A.P. No. 1701(a).

3. Although we characterize the lower court Order as final, we do not wish to preclude the trial judge from compiling additional evidence if he views the record as deficient in certain areas. We are equally anxious that the record, as well as the opinion, be as complete as possible. The trial judge may wish to order psychological testing of the children in light of the problems experienced by Jonathan which were touched upon in the home study report compiled by the Nevada State Welfare Division. *See Commonwealth ex rel. Newcomer v. King*, 301 Pa.Super. 239, 447 A.2d 630 (1982).

■ In the case at bar, we are compelled to agree with appellants that the opinion of the lower court is simply inadequate to provide us with sufficient assurance that all of the salient facts were given due consideration and weight. We do not base this conclusion merely on the apparent brevity of the opinion. An opinion may be concise and still comply with the mandate of this court, as long as it contains reference to the evidence, states the court's reasoning and not simply conclusions, and analyzes the demeanor and credibility of those witnesses upon whose testimony the court relied. *Commonwealth ex rel. Debeary v. Debeary*, 310 Pa.Super. 137, 456 A.2d 221 (1983).

■ The opinion under question falls far short of the desired depth of detail and analysis. It contains only a skeletal recital of appellee's background and current situation. No mention is made of the environment proffered by appellants. Ten witnesses, including the parties, testified at the hearings, with the transcript of their combined testimony comprising 254 pages. Yet not one word is written in evaluation of the demeanor and credibility of any of the witnesses. While the trial judge did make reference to a report from the Nevada State Welfare Division, he did not mention the extent of involvement of the Children's Services of Butler County and its recommendations concerning the children's continued stay in appellants' household. The trial judge also failed to address appellee's capability to provide for the two children who are the subject of this appeal in light of the two additional children that she has since borne to her husband.

■ We therefore hold, as we did in *In re Arnold, supra*, that our review of the lower court decision without benefit of a more thorough analysis by the hearing judge would serve neither the best interests of the children, our paramount concern, nor the Commonwealth. *Sandra L.H. v. Joseph M.H.*, 298 Pa.Super. 409, 444 A.2d 1241 (1982).

This case is remanded for entry of a full opinion, which should include discussion of the character and fitness of the parties, their respective homes, and their abilities to provide for the children, both emotionally and financially. *Kessler v. Gregory*, 271 Pa.Super. 121, 412 A.2d 605 (1979). Moreover, the court should examine the children's lives and their history in determining what decision would be in their best interests. *Commonwealth ex rel. McKee v. Reitz*, 193 Pa.Super. 125, 163 A.2d 908 (1960). Finally, in weighing the evidence, the hearing judge should be guided by the recognized standard for the adjudication of disputes between a parent and a third party:

> "the parties do not start out even; the parents have a 'prima facie right to custody,' which will be forfeited only if 'convincing reasons' appear that the child's best interest will be served by an award to the third party. Thus, even before the proceedings start, the evidentiary scale is tipped, and tipped hard, to the parents' side. What the judge must do, therefore, is first, hear all evidence relevant to the child's best interest, and then, decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and down on the third party's side."

*In re Hernandez*, 249 Pa.Super. 274, 286, 376 A.2d 648, 654 (1977) (footnote omitted).

Case is remanded and jurisdiction is retained.[4]

4. In light of our holding that the lower court opinion cannot serve as a basis for appellate review, we will not address appellants' alternate issue that the lower court erred in granting custody of the minor subjects to appellee.