628 A.2d 893

In the Interest of R.C. and J.C.

Appeal of ROSE C., Natural Mother, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 10, 1993.

Filed July 21, 1993.

Stephen W. French, Brookville, for appellant.

R. Edward Ferraro, Brockway, for Children and Youth Services, participating party.

Before KELLY, JOHNSON and HESTER, JJ.

JOHNSON, Judge.

In this appeal, Mother, Rose C., contends that the trial court failed to comply with the requirements of the Juvenile Act as set forth at § 6351(f) and (g) in the dispositional review hearing held on August 26, 1992. The trial court order allowed Jefferson County Children and Youth Services (CYS) to keep Mother's two oldest children in foster care for an

additional ninety days pending a psychological evaluation of the family. Her children, R.C., age 12, and J.C., age 10, had been declared dependent pursuant to the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, as truants when the children were excluded from school because of a re-occurring lice problem. Finding that the trial court failed to comply with the requirements of the Juvenile Act, we vacate and remand.

Preliminarily, we observe that in this case, throughout the trial court proceedings, the children's full names and those of the other siblings and family members are used rather than initials. To preserve the privacy of this family, we have changed the names of the children and those family members to initials in the caption and throughout this opinion.

At the time the children were declared dependent, the children were living with Mother; William L., mother's companion; and two younger children fathered by William L.: S.L., age 3, and W.L., age 2. While S.L. was originally named in the dependency petition, the trial court removed her name from the September 24, 1991, order declaring R.C. and J.C. to be dependent children as defined by the Juvenile Act. Thus, we have removed S.L.'s name from the caption of this appeal.

From September 24, 1991, when the children were declared dependent but lived at home, Mother was in partial compliance with the family service plan, and the children attended school regularly until January 22, 1992. From January 22, 1992, to February 3, 1992, the children were excluded from school because the lice infestation had recurred. On February 3, 1992, the children were enrolled in a school in McKean County but were excluded from school the same day because of nits. From February 4, 1992, to February 18, 1992, R.C. was able to attend school for only one-half day because of nits. On February 18, 1992, the children were taken into custody and placed in foster care by CYS.

Mother alleges that the children were ordered, at the dispositional review hearing held on March 25, 1992, to remain in foster care because CYS had failed to schedule the necessary assistance to teach her how to manage the lice problem.

By August 10, 1992, CYS filed a Petition for Placement and Dispositional Review, indicating that while the lice problem had been addressed, the children exhibited psychological problems including issues concerning their home life and mother-daughter role reversal.

Also, in August of 1992, CYS had a psychiatrist, Dr. Elmer Cupino, evaluate the children. Mother alleges that Dr. Cupino's psychiatric evaluations of the children, which were circulated to the court, *ex parte,* prior to the hearing, were hearsay and that copies of the reports were not made available to her counsel until the day before the scheduled dispositional hearing. N.T., 8/26/92, at 8.

At the dispositional hearing, Pier McKinney, the CYS caseworker, testified that no member of Mother's household had lice, that Mother had received a good rating on the most recent family service plan, and that the home conditions had improved. N.T., 8/26/92, at 13–15. McKinney indicated that the two other children in Mother's household had not been put into placement. She also stated that while Mother's mental health evaluation indicated that there was no reason for Mother to undergo further counseling, McKinney would like to see both parents have a psychological evaluation. *Id.* at 20, 22, 24. McKinney testified that her reasons for wanting to keep the two children in foster care were based on the conclusions in Dr. Cupino's evaluations. Over Mother's hearsay objections, McKinney was allowed to testify based on the information in these reports N.T., 8/26/92, at 7–10. Notwithstanding that when queried, McKinney indicated that should the court deem counseling for the children necessary, counseling could be provided while they lived at home, McKinney, recommended that the children remain in foster care because they "have some significant concerns, they are fearful, they cry when they get back from visits [with Mother], they make themselves sick." *Id.* at 15–17, 23. The trial court determined that the two children were to remain in foster care for an additional ninety days and ordered an evaluation of both parents and the two children by Dr. Allen Ryen, a psychologist. N.T., 8/26/92 at 33. This appeal followed.

Mother raises three issues for our review, contending that the trial court erred in:

I. Failing to set forth all the necessary findings in its order which would permit the trial court to keep the children in foster care.

II. Failing to require Children and Youth Services of Jefferson County to meet the burden of proof necessary to keep appellant's children in foster care, at the August 16, 1992, dispositional hearing.

III. Improperly receiving testimony regarding *ex parte* reports from a medical practitioner which had not been offered into evidence.

Initially, we note that this appeal does not concern the original finding of dependency. Mother did not appeal from the order declaring the children dependent which was entered on September 24, 1991. Mother appeals only from the dispositional review hearing of August 26, 1992, which determined that the children would continue in foster care for a ninety day period pending a psychological evaluation of the family to allow the trial court "to feel safe" in allowing the children to "[g]o home." N.T., 8/26/92, at 33.

Pursuant to 42 Pa.C.S. § 6351(f), the trial court is required to review the goals and placement of the child at each dispositional review hearing. That section of the Juvenile Act states:

(f) **Matters to be determined.**—At each dispositional review hearing, the court shall:

(1) determine the continuing necessity for and appropriateness of the placement;

(2) determine the extent of compliance with the service plan developed for the child;

(3) determine the extent of progress made toward alleviating the circumstances which necessitated the original placement.

(4) determine the appropriateness and feasibility of the current placement goal for the child; and

(5) project a likely date by which the goal for the child might be achieved.

42 Pa.C.S. § 6351(f).

In this case, the order entered by the trial court was a pre-formatted order. Mother asserts these orders are routinely drawn up by CYS. The text of the pre-formatted order, as completed by the trial court, is as follows:

And now, this **26th** day of **August** 19**92** after a dispositional review hearing having been held on this matter, and a review of the Service Plan for the said minor child, it is found that:

1. The Court has determined the extent of compliance with the Service Plan, the extent of progress made to alleviate the circumstances which necessitated placement, that reasonable efforts were made to prevent placement, that reasonable efforts were made to reunite the family, [and] a projected likely date by which the goal for the child might be achieved.

2. That continued placement is/is not needed to protect the physical, mental and moral welfare of the dependant child, and is better suited than any other alternative.

IT IS THEREFORE HEREBY ORDERED that said minor child:

(\_\_\_\_) Be released from placement.

(**XX**) Continue in placement until **for max. of 90 days.**

(\_\_\_\_) Be placed for adoption.

(\_\_\_\_) Continue in placement on a permanent long-term basis.

**Dr. Allen Ryen to do eval. of parents & children**

BY THE COURT

**s/Wm. L. Henry**

PRESIDENT JUDGE

Mother alleges that the trial court routinely signs these orders without setting forth the findings required by § 6351(f). Mother directs us to the August 26, 1992, order for evidence of this fact, noting that the trial court failed to set

forth any of its findings as required by § 6351(f). Also, Mother points to paragraph 2 of the Order, where the trial court neglected to select whether continued placement *was or was not* needed to protect the physical, mental and moral welfare of the child, a requirement of § 6351(g)(2).

Pursuant to § 6351(f), the trial court is required to make determinations regarding the continuing necessity and the appropriateness of placement, compliance with the service plan for the child, the extent of progress made toward alleviating the circumstances leading to the original placement and the appropriateness of the current placement as well as to project a date by which the goal for the child might be met. In addition, 42 Pa.C.S. § 6351(g) provides:

**(g) Court order.**—On the basis of the determinations made under subsection (f) and other relevant evidence, the court, in addition, shall:

(1) determine whether the child:

(i) should be returned to the parents, guardian or other custodian;

(ii) should be continued in placement for a specified period; or

(iii) because of the child's special needs or circumstances should remain in placement on a permanent or long-term basis; and

(2) order continuation, modification or termination of placement or other disposition best suited to the protection and physical, mental and moral welfare of the child.

In cases such as the present one, involving dependency and placement, our scope of review is broad, but limited in a fundamental manner by our inability to nullify the factfinding of the trial court. *In re Frank W.D.*, 315 Pa.Super. 510, 462 A.2d 708 (1983). Mother argues that if the trial court is required by statute to determine the various criteria as set forth in 42 Pa.C.S. § 6351(f), it is appropriate for the trial court to set forth these criteria in an order or an opinion. She contends that in declaring a child dependant, the trial court is required to issue its order "... accompanied by a full and

complete analysis of the evidence, supported by appropriate findings of fact and conclusions of law." *Frank W.D., supra.* Mother asserts that the trial court should be held to the same standard of care at a dispositional review hearing. We agree.

In dependency matters we have a scope of review that is similar to our scope of review in custody matters. *See, Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977). In custody matters, we have consistently emphasized that the hearing court must provide us not only with a complete record, but also with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision. *Schwarcz v. Schwarcz,* 378 Pa.Super. 170, 548 A.2d 556 (1988), *appeal denied,* 522 Pa. 578, 559 A.2d 39 (1989); *In re Arnold,* 286 Pa.Super. 171, 428 A.2d 627 (1981); Pa.R.C.P. 1915.10(a), Explanatory Note–1981. The trial court's opinion must address the testimony and the law; it must indicate the grounds for selecting the particular findings, and the reasoning process by which it reached its final conclusion. *Cady v. Weber,* 317 Pa.Super. 481, 464 A.2d 423 (1983). It is only then that we can determine whether the findings of the trial court are supported by competent evidence. *Cady* at 486, 464 A.2d at 426.

Just as in custody matters where we are loathe to pass judgment on something as precious and intrinsically valuable as a child's welfare without every possible piece of information that bears on this subject, we have a similar responsibility in a dispositional review hearing in dependency matters. *See* 42 Pa.C.S. § 6351(f) and (g); *see also In re Arnold,* 286 Pa.Super. at 175, 428 A.2d at 628. It is for this reason that, in custody matters, we require a probing analysis of the record be performed by the trial court; it is the trial court which is in a superior position to determine the credibility, sincerity and attitude of the parties and their witnesses. *Id.* at 174–175, 428 A.2d at 629. We find such an analysis lacking in this case.

 Here, the one-page trial court order offers only the names and the birthdates of the two children; the one and

one-half page trial court opinion offers only the most skeletal recitation of the facts and circumstances of the case before us. We find the trial court opinion to be inadequate not due to its brevity, as an opinion may be concise and still comply with the mandate of this Court. *See Commonwealth ex rel. Debeary v. Debeary,* 310 Pa.Super. 137, 456 A.2d 221 (1983). Here, the trial court opinion lacks any analysis of the testimony, the law as applied to the testimony, or the determinations required by 42 Pa.C.S. § 6351(f) and (g). We are not unmindful of the burden the statutory requirements of the Juvenile Act place on the trial courts of this Commonwealth in dependency matters. We note that while the trial court must address the testimony and the law, and indicate the grounds for selecting the particular findings as well as the reasoning process by which the final conclusion was reached, it is possible to accomplish these tasks in an order. *See, e.g.,* Court of Common Pleas of Philadelphia County, Family Division, Dependency Dispositional and Review Order, 20 Pa.Bull., No. 14, April 7, 1990, reprinted in Pennsylvania Judicial Deskbook: A Guide to Judicial Decisions Affecting Dependent Children (2d ed. S. Magdovitz, ed.) at 124–125 (1990). However, in this case, as neither the trial opinion nor the trial court order provides an adequate basis for appellate review, we remand for the entry of a full opinion or an expanded order of court.

Second, Mother claims that CYS has failed to meet its appropriate burden of proof to continue to keep her children in placement. She argues that the appropriate burden of proof is clear necessity. We decline to address this issue. Our Court has determined that once a child has been adjudicated dependent, the issues of custody and the continuation of foster care are determined according to the child's best interests. *In the Interest of Sweeney,* 393 Pa.Super. 437, 574 A.2d 690 (1990), *appeal denied,* 526 Pa. 649, 585 A.2d 469 (1991). Until such decision of our Court has been overruled by the Supreme Court of this Commonwealth, our holding in *In the Interest of Sweeney,* remains the law in this Commonwealth. *Id.; see Baker v. Aetna Casualty and Surety Co.,* 309 Pa.Super. 81, 454 A.2d 1092 (1982).

■ Finally, Mother contends that the trial court improperly received testimony regarding *ex parte* psychiatric reports which had not been offered into evidence. Mother alleges that a considerable portion of the testimony of the CYS caseworker was based on the psychiatric reports of Dr. Cupino. Dr. Cupino was asked to evaluate both R.C. and J.C. by CYS to determine whether the children should return home. Psychiatric Evaluation of R.C. by Elmer Cupino, M.D., dated 8/6/92; Psychiatric Evaluation of J.C., by Elmer Cupino, M.D., dated 8/19/92. Mother alleges Dr. Cupino's evaluations were the only basis for the CYS position that there were psychological reasons to continue to keep her children in foster care.

Previously, this court has ruled that:

A party or litigant has the right to an in court presentation of evidence, such is essential to due process. Such report or letter cannot be received into evidence over objection in a custody matter unless its author is sworn, examined and subjected to cross-examination. *Palmer v. Tokarek*, 279 Pa.Super. 458, 421 A.2d 289 (1980).

*In re Long*, 313 Pa.Super. 47, 53, 459 A.2d 403, 405 (1983).

Here, the timely objection Mother raised to the reports was overruled and the trial court ordered the entire family to be evaluated. N.T., 8/26/92, at 8–10. CYS contends, however, that there is no indication that these reports formed the basis for the decision of the trial court to keep the children in foster care. Appellee's Brief at 16.

In this case, the trial court decision was set forth in a pre-formatted standard order. The order of the trial court does not provide us with any analysis of the evidence nor does it set forth the actual findings of fact upon which the trial court based its decision. Hence, we are unable to determine whether or not the trial court impermissibly relied upon the psychiatric evaluations to continue to keep the children in foster care.

From the trial court's form order, in this case, it is impossible for our Court to determine whether continued foster care placement was or was not needed to protect these children.

Based on the record before us, we are constrained to conclude that the trial court has failed to set forth the necessary findings which would permit these children to remain in foster care.

Accordingly, the Dispositional Review Order dated August 26, 1992, continuing foster care placement for R.C. and J.C. is hereby set aside. This case is **REMANDED** to the trial court which shall prepare and file a comprehensive opinion and order within thirty days of the remand of the record; no part of the comprehensive opinion or order shall rely on psychiatric evaluations where the author who prepared those evaluations has not been sworn, examined and subjected to cross-examination; following the entry of any new order and opinion, the parties shall have the right, if aggrieved, to file a new appeal. Jurisdiction is **RELINQUISHED**.

Order vacated and case remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.