686 A.2d 421

**In the Interest of JOV and JAV, Minors.**

**Appeal of JV and DC.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 1996.

Filed Dec. 19, 1996.

632

Marshall E. Anders, Stroudsburg, for appellants.

Elizabeth B. Weekes, Stroudsburg, for Monroe CYS, participating party.

Jonathan Mark, Stroudsburg, for Guardian Ad Litem, participating party.

OLSZEWSKI, Judge:

At the tender age of four months, young JAV was rushed to the Pocono Medical Center and diagnosed with a spiral fracture of the right humerus. Because his parents were unable to satisfactorily explain the injury, hospital personnel contacted Monroe County Children and Youth Services (CYS), which initiated an investigation. JAV's parents speculated that the fracture may have occurred while the infant was alone with several older children. CYS personnel conceded that this explanation was plausible, and because a determination of abuse could not be made, no further action was taken.

One month later, a second referral concerning JAV was made from St. Christopher's Hospital in Philadelphia. JAV had been admitted to St. Christopher's for what was later determined to be an ear infection. In the course of diagnosis, however, it was discovered that JAV had bilateral posterior fractures to three of his ribs. Once again, JAV's parents were at a loss to explain the infant's injuries.

Thereafter, on June 12, 1996, CYS filed a dependency petition.[1] On June 17, 1996, a hearing was held before the Honorable Peter J. O'Brien. At the hearing, numerous people testified, including both of JAV's parents, his grandmothers and CYS personnel. Additionally, the deposition of Dr. Barbara Wolfson, a radiologist at St. Christopher's Hospital, was entered into evidence.

On June 21, 1996, Judge O'Brien issued his ruling finding that JAV was a dependent child in need of the care and supervision of the court. Legal and physical custody of JAV was vested in CYS for a maximum period of six months. Appellants timely appeal from this order.

■ The crux of appellants' argument is that the trial court abused its discretion in finding that JAV was a dependent child and that his removal from the family home was therefore improper. Essentially, appellants contend that the absence of evidence indicating affirmative abuse on their part obviates a finding that JAV is a dependent child in need of court supervision.

■ Our standard of review in cases involving dependency determinations and placement of minors is broad. Provided they are supported by competent evidence, however, we must accept the trial court's findings of fact as true. *See, e.g., In Interest of J.M.*, 438 Pa.Super. 409, 414–16, 652 A.2d 877, 880 (1995); *In Interest of R.C.*, 427 Pa.Super. 196, 202–04, 628 A.2d 893, 897 (1993).

■ As detailed in the Juvenile Act, 42 Pa.C.S.A. § 6301, *et seq.*, the goal of family services intervention should at all times be the preservation of the family unit within the context of a wholesome environment for the children. Only when it is necessary for the welfare of the children, or in the interests of public safety, may a child be separated from his or her parents. 42 Pa.C.S.A. § 6301(b)(1), (3). *See also In Interest*

---

1. We note that the petition originally sought a finding of dependency for both JAV and his older brother. However, as CYS withdrew the petition as to the brother prior to the adjudication hearing, this appeal concerns only JAV.

*of J.R.W.*, 428 Pa.Super. 597, 603–04, 631 A.2d 1019, 1022 (1993); *In re S.M.*, 418 Pa.Super. 359, 363–65, 614 A.2d 312, 314 (1992).

Because of the sensitive nature of family intervention, our courts have developed a detailed set of procedures that a petitioner must fulfill prior to successfully curtailing parental rights at an adjudication hearing. Mindful that the burden remains with the petitioner in a given case, it must be proven that: (1) the child is presently without proper parental care or control; and (2) such care and control is not immediately available. *See, e.g., In re Jeffrey S.*, 427 Pa.Super. 79, 80–82, 628 A.2d 439, 440 (1993); *In re S.M.*, 418 Pa.Super. at 361–62, 614 A.2d at 313. Both of these determinations must be supported by clear and convincing evidence. *Id.*

In the instant case, both parents testified as to their love for JAV and stated that they would never intentionally harm him. Additionally, both of JAV's grandmothers testified concerning the parents' love and attention to their young children. Finally, CYS personnel stated that the parents expressed seemingly genuine concern for JAV's welfare while the boy was hospitalized.

Nonetheless, the medical evidence established that, on at least two occasions, the infant boy was wounded to the point where he sustained painful bone fractures. This, coupled with the parent's inability to satisfactorily explain the injuries, led the lower court to conclude that JAV was presently without proper care and supervision.

We find appellants' argument that the apparent mystery surrounding the source of JAV's injuries somehow works in their favor to be specious. Rather, when determining whether a parent is providing a minor with proper care and control, we believe that the caretaker's acts **and omissions** should weigh equally. The parental duty extends beyond mere restraint from actively abusing a child; rather, there exists a duty to protect the child from the harm that others may inflict.

We therefore hold that the lower court did not err in determining that JAV was a dependent child in need of the care and supervision of the court. Clear and convincing evidence was presented which demonstrated that some person, or persons, was harming the defenseless months-old infant. The fact that his parents express bewilderment over the genesis of these injuries does not obviate their responsibility.

Order affirmed.