J. S11010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN THE MATTER OF:  J.W.D.,        :    IN THE SUPERIOR COURT OF
A JUVENILE                     :         PENNSYLVANIA
                                 :
APPEAL OF:  J.W.D., A JUVENILE   :

                          No. 1399 EDA 2014

Appeal from the Dispositional Order, April 9, 2014,
in the Court of Common Pleas of Montgomery County
Juvenile Division at No. 2014-164

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED MARCH 03, 2016**

J.W.D.[1] appeals from the juvenile dispositional order entered April 9, 2014, adjudicating him as a delinquent, placing him on probation, and releasing him to the custody of his mother, after he was adjudged delinquent by the trial court for carrying a concealed firearm without a license[2] and possessing a firearm while underage.[3]  We affirm.[4]

---

[1] We have changed the name to initials in the caption and throughout this memorandum to preserve the minor's privacy.  ***See in the Interest of R.C.***, 628 A.2d 893, 894 (Pa.Super. 1993).

[2] 18 Pa.C.S.A. § 6106(a)(1).

[3] 18 Pa.C.S.A. § 6110.1

[4] Although we note that the trial court devotes the majority of its opinion expressing its displeasure with the 2007 amendments to Pa.R.A.P. 1925, we need not address that issue here.

The record reflects that at approximately 9:13 p.m. on March 11, 2014, Officer Michael Breslin responded to a 911 call concerning a small group of males with a gun. (Notes of testimony, 3/21/14 at 5-6.) After arriving at the location, Officer Breslin encountered three boys, including J.W.D. (*Id*. at 7-8.) The officer testified that as he spoke with one of the boys, he saw J.W.D. -- who was 10 to 15 feet away -- take a couple of steps back behind a red S.U.V. and duck down behind the engine block, at which time the officer heard a noise that he described as "a thud," "something heavy, possibly metal, striking the car door, a metal door" and then he heard "something metal slide against the pavement." (*Id*. at 9-11.) Officer Breslin further testified that after J.W.D. returned from behind the S.U.V. and joined the officer and the two other boys, only J.W.D. appeared nervous. (*Id*.) After backup arrived, Officer Breslin testified that he looked under the red S.U.V. and saw a black 57 revolver on the ground only a couple of feet from where J.W.D. was crouched down. (*Id*. at 11-12, 29-30.) The officer further testified that no one else was in the vicinity at the time and that there was nothing else on the ground other than the gun. (*Id*. at 11-12.)

On appeal, appellant raises the following issue:

> Whether the evidence was insufficient as a matter of law with regard to the charges of 18 Pa.C.S. §6106(a) (relating to carrying firearms without a license) and 6110.1 (relating to possession of firearm by minor) in that they are not supported by legally sufficient evidence of record.

Appellant's brief at 8.

> Our standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

*Commonwealth v. Alford*, 880 A.2d 666, 669-670 (Pa.Super. 2005), *appeal denied*, 890 A.2d 1055 (Pa. 2005), quoting *Commonwealth v. Gruff*, 822 A.2d 773, 775 (Pa.Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004) (citations omitted).

The Crimes Code defines carrying a firearm without a license as follows:

> **(a)  Offense defined.**
>
> (1)  Except as provided in paragraph (2) [relating to those otherwise eligible to carry a firearm], any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

The Crimes Code defines possessing a firearm while underage as follows: "Except as provided in subsection (b) [relating to parental supervision and consent and lawful hunting or trapping], a person under

- 3 -

18 years of age shall not possess or transport a firearm anywhere in this Commonwealth." 18 Pa.C.S.A. § 6110.1.

Here, the record demonstrates that the evidence admitted at the adjudication proceeding, as well as all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to support all elements of the offenses of carrying a firearm without a license and possessing a firearm while underage. The trial court believed Officer Breslin's testimony and found appellant incredible. (Notes of testimony, 3/21/14 at 60-63.) As fact-finder, the trial court was free to do so. We, therefore, decline appellant's invitation to substitute our judgment for that of the trial court, as that is not our role.

Juvenile dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016