J-S35032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.B. | : | No. 535 EDA 2020 |

Appeal from the Order Entered January 10, 2020
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  No. 0C1307950

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 09, 2020**

T.C. ("Mother") appeals the temporary custody order entered on January 10, 2020.  We quash.

P.L. was born in July 2014 of the relationship between Mother and M.B. ("Father").  The parties have been engaged in intermittent custody disputes since December 2015, when Mother filed the first of a series of custody complaints that were dismissed due to a lack of prosecution.  The most recent iteration of the custody dispute commenced on June 14, 2018, and culminated for our purposes on July 29, 2019, with a temporary order awarding Mother sole physical and legal custody of P.L. and granting Father periods of supervised partial physical custody.

---

[*] Retired Senior Judge assigned to the Superior Court.

On September 26, 2019, the court suspended Father's supervised custody, and on October 3, 2019, Father filed a petition for contempt alleging that Mother failed to comply with the visitation schedule prior to its suspension.  Following a hearing on January 7, 2020, wherein the trial interviewed L.P. *in camera*, the trial court entered the above-referenced temporary order, dated January 10, 2020, denying the contempt petition, and granting Mother primary physical custody of P.L.  The order reads in, pertinent part,

> TEMPORARY ORDER:
>
> Mother to have primary physical custody of child, [P.L.] . . . : Father to have partial physical custody.
>
> Parents to have shared legal custody of the child.
>
> Father is to have 1 day a week, every week, with the child on Sunday from 11:00 am to 6:00 pm.  Starting January 26, 2020.
>
> Exchanges will be at the 22nd Police Precinct located at 1747 N Broad St., Philadelphia, Pa 19121.
>
> Any communication shall be done via text or email regarding the child.  The communication will not violate the PFA order in place between Mother and Father.
>
> A home investigation is ordered on Father's residence.  Once a home inspection demonstrates that the Father's home is adequate for the child, he then may resume partial physical custody.  After the home investigation report is received, the court will send an order confirming Father's new custody schedule.

Trial Court Order, 1/10/20 (some capitalization omitted).  In sum, the parties shared legal custody, and Father exercised partial physical custody every

Sunday. Significantly, Father's custodial periods would not commence until a home inspection demonstrated that his residence was adequate for P.L.

Mother timely filed this appeal, wherein she presents twelve questions relating to, *inter alia*, the nature of the custody order, the propriety of trial court's custody determination, and the effect of the order on Mother's existing protection from abuse order against Father.[1]  Mother's brief at 4-5.

Our standard of review is settled.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*H.R. v. C.P.*, 224 A.3d 729, 735 (Pa.Super. 2019) (quoting *V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa.Super. 2012) (citations omitted)).

At the outset, we address whether the appeal is proper.  On March 4, 2020, this Court entered a rule to show cause stating that the January 10, 2020 order did not appear to be final and directing Mother to show cause as to the finality or appealability of the order.  Mother's response asserted that

---

[1] Mother complied with Pa.R.A.P. 1925(a)(2)(i) by attaching a concise statement of errors complained of on appeal to her notice of appeal.

the order was final. Three days later, the trial court filed a letter with this Court confirming that the temporary custody order was, in fact, interlocutory because the court expected to hold an additional hearing before entering a final order.

The trial court explained,

This [c]ourt granted a temporary order with the intention of seeing how the child and the parties have adjusted to the custody schedule. Most importantly, to ensure the safety of the child, there is a home investigation to be performed on [Father's residence]. It is imperative that the home investigation is complete before making any final ruling on a custody schedule. Lastly, Father has requested overnights and was only granted day visits once a week. It is undoubtedly clear that this case is not final. The temporary order that is in place demonstrates that this Court has not made its ruling based on all merits of the case. In fact, the case is well within its embryotic stages and requires more testimony to provide a complete resolution of custody claims pending between the parties.

Letter, 2/27/20. Thereafter, this Court discharged the rule and referred the matter to the present merits panel.

For the following reasons, we quash the appeal. Interim custody orders are not appealable. *G.B. v. M.M.B.,* 670 A.2d 714 (Pa.Super. 1996) (*en banc*). To be appealable, a custody order must be entered following the completion of evidentiary hearings, and "intended by the court to constitute a complete resolution of the custody claims pending between the parties." *Id*. at 720. As long as the decision regarding custody is final, it is appealable even though some details regarding its implementation remain unresolved.

The core component of finality in this scenario is whether the trial court intended the order to be the final resolution of the custody matter. ***Cady v. Weber***, 464 A.2d 423, 426 (Pa.Super. 1983) ("The decision to award custody to the mother was firmly resolved; all that remained indefinite was the means of accomplishing that goal."). Mother invokes ***Cady*** in support of her proposition that the temporary custody order was final and appealable even though the trial court directed a home study investigation prior to commencing Father's extended periods of partial custody. In ***Cady***, we held that, because the trial court's custody order resolved the ultimate issue of custody that was before it, the contemplated home studies were merely tools to implement the custody arrangement and not a mechanism to reconsider it. ***Id***. at 426. Specifically, after reviewing the trial court's opinion and the pertinent order, we reasoned, "Although the hearing judge may not have intended for custody of the children to change hands immediately, it is clear that any period of transition, no matter how formulated, would eventually result in the children joining their natural mother." ***Id***. Hence, the trial court's order resolved the outstanding custody dispute.

Mother's reliance upon the ***Cady*** decision is misplaced. Unlike the trial court's order and opinion in ***Cady***, which evidenced the court's intention to issue a final resolution of the custody matter notwithstanding the imposition of additional measures to ensure the fulfillment of the order, the trial court in the case at bar expressly stated that the temporary order was not intended to

be a final resolution of the custody dispute. Although the custody order does not schedule additional proceedings, the trial court's opinion and its post-appeal correspondence with this Court both confirmed the temporary nature of the custody order and explained that it contemplated additional evidentiary hearings before entering a final custody order. *See* Letter, 2/27/20 ("It is imperative that the home investigation is complete before making any final ruling on a custody schedule."); Trial Court Opinion, 4/16/20, at 5 ("Clearly, there is no complete resolution of the custody claims pending between the parties."). Hence, the foregoing court filings establish that the January 10, 2020 order was not intended to constitute a complete resolution of the custody claims.

Stated plainly, the trial court anticipated holding additional hearings to determine the best interests of P.D.L. prior to entering a final custody order. Therefore, the instant order is clearly interlocutory. **G.B.**, **supra**. In this vein, we observe that the trial court's brief discussion of six of the statutory best interest factors is not proof of finality. Indeed, pursuant to 23 Pa.C.S. § 5328(a), the trial court is required to determine the best interest of the child "[i]n ordering any form of custody[,]" including the primary physical custody, partial physical custody, and legal custody that the trial court awarded in the temporary order entered in this case. The fact that the custody order was temporary does not negate the statutory mandate to determine the child's best interests. The temporary custody order is interlocutory.

Finally, we observe that three alternatives exist that permit the appeal of an interlocutory order: (1) an appeal as of right pursuant to Pa.R.A.P. 311; (2) an appeal by permission under Pa.R.A.P. 312; and (3) an appeal of a collateral order as outlined in Pa.R.A.P. 313. The instant temporary custody order is not appealable by right pursuant to Rule 311, and Mother did not seek permission to appeal the temporary order pursuant to Rule 312 or argue that it is a collateral order under Rule 313. Hence, the trial court's interlocutory custody order is not appealable.

Appeal quashed.

Judge Stabile joins the memorandum.

Judge Colins files a dissenting memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/20