## Consoli v. Consoli

*S. R. Zimmerman,* for plaintiff.
*Joanne H. Clough,* for defendant.

HUMMER, *J.,* August 28, 1984—Presently before the court is defendant, Nancy J. Consoli's petition to strike a discontinuance in the above-captioned custody action. On December 22, 1983,

plaintiff, Joseph W. Consoli, filed a complaint for custody, seeking custody of the parties' daughter, Diana Maria Consoli, born on August 13, 1983. A conference was held in chambers on January 18, 1984, and no agreement was reached. On January 30, 1984, this court entered a temporary order which provided that custody would remain with defendant and plaintiff would have temporary custody every Monday from 7:30 a.m. until 5:30 p.m. The temporary order also set a hearing date for May 1, 1984 at 9:00 a.m.

On April 30, 1984, plaintiff presented to the court a motion for a mental examination of defendant pursuant to Pa. R.C.P. 1915.8 and orally requested a continuance of the hearing scheduled for the next day. The court denied plaintiff's request for a continuance and reserved its decision on the request for a mental examination until the close of the next day's hearing. Late in the afternoon of April 30, plaintiff filed a praecipe which said "The within action is hereby withdrawn and discontinued".

On May 1, 1984, this court convened at 9:00 a.m., at which time defendant orally requested the court to strike the discontinuance. The court gave defendant leave to file a written motion to strike the discontinuance and issued a temporary order confirming custody in defendant and providing that plaintiff would have temporary custody one day a week. Defendant subsequently filed a petition to strike a discontinuance and plaintiff filed an answer. Both parties have submitted briefs in support of their respective positions.

This case presents the court with the question of whether plaintiff can unilaterally terminate an ongoing custody action the day before a hearing. The court has concluded that the answer is in the negative. The rules of civil procedure are silent on the is-

sue, but there are several reasons why plaintiff cannot be allowed to discontinue this custody action over the objection of defendant. Pa. R.C.P. 229(a) provides that:

"A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by plaintiff before commencement of the trial." However, the court may strike a discontinuance for a variety of reasons. More specifically:

"The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa. R.C.P. 229(c). It should also be noted that the Supreme Court has said that the rules of civil procedure ". . . shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable". Pa R.C.P. 126. In this case, defendant and her attorney attended a conference, responded to plaintiff's motion for a mental examination, and prepared for a custody hearing. It is noted that plaintiff averred in his custody complaint that:

". . . defendant has demonstrated extreme mental and emotional instability and her having custody of the said child would be detrimental to the child's best interest and permanent welfare;" Hence, in preparing to respond to plaintiff's allegations concerning her mental state, defendant subpoenaed or scheduled six witnesses, and an expert witness to testify at the hearing set for May 1, 1984. It was late in the afternoon before the hearing that defendant was notified that plaintiff had filed a praecipe discontinuing the action. Although the court has entered a temporary order, defendant is left without any real resolution of the issue of the custody of her child. She has incurred the expense of preparing for

a custody hearing, but she is out of court.* The only way that defendant could have avoided her present dilemma was to have filed an answer and counterclaim for custody in response to plaintiff's complaint. Since the rules of civil procedure provide that no responsive pleading by defendant is required in custody actions, this court believes that the Supreme Court did not intend for a plaintiff to be able to discontinue a custody action the day before a hearing, over the objection of defendant. Such an action would leave the question of custody unresolved. Plaintiff should either make an agreement with defendant concerning the custody of Diana Maria, or he should go forward with the hearing.

There are other reasons that the court believes that plaintiff should not be allowed to discontinue this custody proceeding without a clear resolution of the issue. The primary concern in any child custody proceeding is to determine what is in the best interest of the child, considering his or her spiritual, emotional, physical, and intellectual well-being. Commonwealth ex rel. Montgomery v. Montgomery, 296 Pa. Super. 325, 442 A.2d 791 (1982); and In Re Arnold, 286 Pa. Super. 171, 428 A.2d 627 (1981). In custody cases, the appellate courts of this state have repeatedly emphasized the importance of continuity and stability in a child's life. Parks v. Parks, 284 Pa. Super. 400, 426 A.2d 108 (1981); Hugo v. Hugo, 288 Pa. Super. 1, 430 A.2d 1183

---

* It is noted that this is not the first proceeding between the parties involving the custody of Diana Maria. In October, 1983, defendant filed a divorce in Dauphin County which contained a count for custody. The parties reconciled for a short time and then they separated for the final time in December. It was after the final separation that the instant proceeding was filed in Lancaster County.

(1981); and In Re Custody of Temos, 304 Pa. Super. 82, 450 A.2d 111 (1982). It cannot be in the interest of Diana Maria to be the object of a series of custody proceedings, none of which ever terminate in a court order for custody.

Finally, it should be noted that custody proceedings are different from other types of civil matters. The role of the court in a custody case is different because the object and purpose of the proceeding is the child. The court has a duty to take affirmative steps to make inquiries as to the circumstances of the parties and to insure the completeness of the record in a custody case. Lewis v. Lewis, 267 Pa. Super. 235, 406 A.2d 781 (1979). A court may not dispose of a petition for custody in a summary or cursory fashion. Gunter v. Gunter, 240 Pa. Super. 382, 361 A.2d 307 (1976). Courts have a special responsibility in custody cases to take actions which they might not take in other civil cases in order to insure that the best interest of the child is served. In this case, the court should not leave the question of who should have custody of Diana Maria unresolved and allow the temporary order to continue indefinitely. If the parties do not reach an agreement, then this court should hear evidence concerning the fitness of both parties and the best interest of Diana Maria and make a determination regarding her custody.

Accordingly, the court will grant defendant's request to strike the discontinuance and direct that a hearing be held.

## ORDER

And now, this August 28, 1984, upon consideration of defendant's motion to strike discontinuance, plaintiff's answer, and both parties' briefs, the

court directs that plaintiff's discontinuance be stricken and the above-captioned matter be reinstated. A hearing in this matter is scheduled for Monday, December 17, 1984 at 9:00 a.m. in Court Room no. 3, Lancaster County Court House, Lancaster, Pa.