J-S38031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.M.M.H., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| C.E.A., | : | |
| | : | |
| Appellant | : | No. 295 MDA 2015 |

Appeal from the Order entered on January 14, 2015
in the Court of Common Pleas of Lancaster County,
Civil Division, No. CI-09-15535

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 17, 2015**

C.E.A. ("Father") appeals from the Order granting shared legal custody of L.A.M.-H. ("Child"), born September 11, 2008, to Father and H.M.M.H. ("Mother"), and primary physical custody of Child to Mother. We vacate the Order and remand for further proceedings.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt herein for purposes of this appeal. *See* Trial Court Pa.R.A.P. 1925(a) Opinion, 3/16/15, at 1-5.

On appeal, Father raises the following issues for our review:

1. Whether the [trial] court erred in its application of the factors under 23 Pa.C.S.A. § 5328 in determining the best interest of [C]hild when it reduced [Father's] custodial time with [C]hild?

2. Whether the [trial] court erred in its application of the factors under 23 Pa.C.S.A. § 5328 when it did not properly review the factors to determine whether the individual factors weighed in favor of a party?

3. Whether the [trial] court erred in determining that [Father] could not properly pick up [] Child because of his back problems and wrist problems?

Brief for Father at 6.

In custody cases,

our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

Additionally,

[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (citation omitted).

In any custody case decided under the Child Custody Act ("Act"),[1] the paramount concern is the best interests of the child. **See** 23 Pa.C.S.A. §§ 5328, 5338. Section 5328(a), which sets forth a list of sixteen factors that the trial court must consider when making a "best interests of the child" analysis for a custody determination, provides as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

---

[1] **See** 23 Pa.C.S.A. §§ 5321 *et seq*. Because the custody trial was held in December 2014, the Act applies to this case. **See C.R.F.**, 45 A.3d at 445 (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Section 5338 of the Act provides that, upon petition, a trial court may modify a custody order if it serves the best interests of the child.  ***Id***.; ***see also E.D. v. M.P.***, 33 A.3d 73, 80-81 n.2 (Pa. Super. 2011).  When deciding

a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant section 5328(a) factors. *E.D.*, 33 A.3d at 73, 80. "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original).

Moreover, section 5323(d) mandates that, when the trial court awards custody, it "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). The trial court may not merely rely upon conclusory assertions regarding its consideration of the section 5328(a) factors in entering an order affecting custody. *See M.E.V. v. F.P.W.*, 100 A.3d 670, 681 (Pa. Super. 2014).

As Father's first and second issues are related, we will address them together. Father contends that the trial court's analysis of the section 5328(a) factors does not support a reduction of his custodial time with Child. Brief for Father at 13. Rather, Father asserts, the trial court's analysis suggests that (1) it had no concerns regarding the appropriateness or level of care provided by Father; and (2) both parents provide an equal level of care for Child during their respective custodial periods. *Id*. at 13-14. Father claims that the trial court's decision to reduce his custodial time with Child is inconsistent with its analysis of the section 5328(a) factors. *Id*. at 14. Although Father concedes that the trial court articulated its "perceived

concern" regarding his drowsiness when taking prescription medications, and his inability to pick up Child due to his wrist and back problems, Father contends that the trial court's analysis does not include a determination that these issues affect Father's ability to adequately care for Child, or that Child is unsafe in Father's care. *Id*. Father argues that the trial court's decision to grant him custodial time in the summer, in an amount equal to Mother's custodial time, rebuts any presumption that he is unfit to care for Child because of his use of prescription medication and his wrist and back problems. *Id*. Finally, Father contends that the trial court did not explain the application of the section 5328(a) factors to the specific facts and circumstances of the case, and failed to provide any meaningful explanation for its decision to decrease Father's custodial time with Child. *Id*. at 15-16.

Our review of the record discloses that the trial court entered a custody Order on January 22, 2013, wherein it granted Father partial physical custody of Child on alternating weekends from Saturday at 9:00 a.m. until Monday at 9:00 a.m., with an additional two and one half days of physical custody of Child per week.[2]  **See** Trial Court Order, 1/22/13, at 2 (unnumbered).  On July 2, 2014, Father filed a Petition for Modification of the January 22, 2013 custody Order, seeking additional custodial time with Child.  On October 6, 2014, the trial court entered a temporary custody

---

[2] The Order defined a "day," for purposes of custody, as 9:00 a.m. to 8:00 p.m., but also specified that "Father shall have two (2) overnight periods of weekday custody."  **See** Trial Court Order, 1/22/13, at 2 (unnumbered).

- 6 -

Order in which it modified Father's partial physical custody of Child to "alternate weekends [] from Wednesday after school until Sunday at 6:00 p.m." **See** Trial Court Order, 10/6/14, at 2. On January 14, 2015, following a custody trial,[3] the trial court modified Father's physical custody during the school year to "every other weekend from Friday after school until Monday at school[,]" and during the summer "on a weekly rotating basis from Sunday at 6:00 p.m. to the following Sunday at 6:00 p.m." **See** Trial Court Order, 1/14/15, at 2.

Troublingly, in relation to its most recent modification of Father's custodial time with Child, the trial court indicated that it was "not bound to address the sixteen [section 5328(a)] factors in determining [Child's] best interest." **See** Trial Court Opinion 1/14/15, at 3 (unnumbered); **see also** Trial Court Pa.R.A.P. 1925(a) Opinion, 3/16/15, at 6.[4] In arriving at this determination, the trial court relied on **A.V. v. S.T.**, 87 A.3d 818, 823-24 (Pa. Super. 2014).

---

[3] The trial court made no ruling at the conclusion of the custody trial, nor did it discuss the section 5328(a) factors on the record. **See** N.T., 12/19/14, at 145. Rather, the trial court indicated that it would issue an order setting forth its custody determination. **See id**.

[4] In contrast to these statements, the trial court entered a pretrial Order on November 20, 2014, in which it acknowledged that, during the upcoming custody trial scheduled for December 19, 2014, "[t]he [trial c]ourt is required to consider all of the relevant child custody factors as set forth in 23 Pa.C.S.A. § 5328(a)."

Here, Father's Petition for Modification compelled the trial court to decide which physical custody arrangement was in Child's best interest, squarely implicating an award of a form of custody under section 5323(a),[5] and requiring the trial court to consider all of the section 5328(a) factors. *See S.W.D. v. S.A.R.*, 96 A.3d 396, 406 (Pa. Super. 2014) (holding that a father's petition to ratify the informal custody arrangement between the parents constituted a request to change the form of physical custody and, therefore compelled the trial court to consider all the section 5328(a) factors). The trial court's reliance upon *A.V.* implicates its mistaken belief that, because the January 14, 2015 custody Order did not change the type of custody previously awarded to Father (*i.e.*, partial physical custody), the trial court was not required to consider the factors set forth in section 5328(a). Such an interpretation is incorrect, and contravenes the plain language of section 5328(a), which requires the trial court to determine the best interest of the child by considering all relevant factors "[i]n ordering *any* form of custody[.]" 23 Pa.C.S.A. § 5328(a) (emphasis supplied); *see also E.D.*, 33 A.3d at 73, 80 (holding that, when deciding a petition to

---

[5] Section 5323(a) identifies the types of custody that a trial court may award "*after considering the factors set forth in section 5328.*" 23 Pa.C.S.A. § 5323(a) (emphasis supplied).

modify custody, a trial court must conduct a thorough analysis of the best interests of the child based on the relevant section 5328(a) factors).[6]

Because the trial court was ruling on Father's "request to change the form of physical custody[, it was,] therefore, bound to decide whether the prior [O]rder remained in Child's best interest." **S.W.D.**, 96 A.3d at 406. Accordingly, the trial court's failure to address the 5328(a) factors constitutes an abuse of discretion. **Id**. at 407. We are therefore constrained to vacate the trial court's January 14, 2015 Order, and remand for application of the section 5328(a) best interest factors, and further proceedings, if necessary.

Due to our disposition of Father's first two issues, we need not address his remaining issue.

Order vacated; case remanded for further proceedings; jurisdiction relinquished.

---

[6] The trial court also relied on **M.O. v. J.T.R.**, 85 A.3d 1058, 1063 (Pa. Super. 2014), wherein the Court held that the trial court's modification of the existing custody order, which did not change the underlying award of custody but merely provided that father was permitted to work during three of his summer vacation weeks with children, did not directly implicate section 5328(a) or require the trial court to address the section 5328(a) factors. We conclude that **M.O.** is inapposite, as the modification at issue in that case did not involve any award of custody. **See A.V.**, 87 A.3d at 824 n.4.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/17/2015</u>

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

**H.M.M.H.**

Plaintiff,

v.

**C.E.A.**

Defendants.

CIVIL ACTION - LAW

:
:
:
:
:
:
:
:
:
:
:

No. CI-09-15535

PROTHONOTARY'S OFFICE
LANCASTER, PA.
15 MAR 16 PM 1:48
ENTERED AND FILED

## PA R.A.P. 1925 OPINION

The defendant, **C.A.E.**, has filed a Children's Fast Track Appeal of the Court's Opinion and Order dated January 13, 2015. The reasons for that custody decision are stated in the Opinion and Order dated January 13, 2015, upon which the Court relies in compliance with Pa.R.A.P. 1925(a). In response to the defendant's statements in his Statement of Matters Complained on Appeal, the Court addresses the matters individually and further details its rationale for ruling on Defendant **C.A.E.'s** request for a modification of the parties' custody order.

## I. PROCEDURAL HISTORY

Plaintiff **H.M.M.H.** ("Mother") filed a Complaint in Custody against Defendant **C.A.E.** ("Father") on October 27, 2009. On November 5, 2009, the Court entered a scheduling order scheduling a custody conference for December 10, 2009. The parties attended the custody conference, where no agreement was reached, and the Court entered a temporary custody order on January 21, 2010. The parties attended a follow-up custody conference on March 10, 2010, where an agreement was reached, and the Court entered a final Order on March 12, 2010.

1

Father filed a Petition to Modify Custody on March 29, 2010, and the Court entered an order scheduling a custody conference for May 26, 2010. The parties attended the custody conference, where an agreement was reached, and the Court entered a custody order on June 14, 2010 and scheduled a follow-up conference for August 19, 2010. The parties attended the follow-up custody conference and reached an agreement, which the Court entered as a final custody order on September 7, 2010.

On August 25, 2011, Father filed a Petition to Modify Custody. The Court entered an Order scheduling a custody conference for October 27, 2011. The custody conference was attended by Mother only and the Court entered an Order on November 4, 2011 reinstating the September 7, 2010 custody order.

On November 10, 2011, Father filed another Petition to Modify Custody and the Court entered an Order scheduling a custody conference for January 19, 2012. The parties attended the custody conference, where an agreement was reached, and the Court entered a final custody order on February 10, 2012.

On July 26, 2012, Father filed a Petition to Modify Custody and the Court entered an Order scheduling a custody conference for September 13, 2012. The parties attended the custody conference, where no agreement was reached, and the Court entered a temporary custody order and scheduling a hearing for October 25, 2012. The Court entered an Order on October 25, 2012 continuing the custody hearing to January 3, 2013. Prior to the custody hearing, the parties reached a custody agreement and the Court entered a final custody order on January 18, 2013.

Father filed a Petition for Modification on July 2, 2014. The Court issued an Order scheduling a custody conference for August 18, 2014. The parties attended the custody conference, where no agreement was reached, and the Court entered a temporary custody order

2

on October 3, 2014. The Court issued an Order scheduling a pretrial conference for November 17, 2014 and a custody hearing for December 19, 2014.

Mother filed her pretrial memorandum on November 12, 2014, and Father filed his pretrial memorandum on November 15, 2014. Counsel for both parties attended the pretrial conference on November 17, 2014, after which the Court entered a 1915.4-4(f) Order. The custody hearing was attended by both parties with counsel on December 19, 2014.

On December 24, 2014, counsel for the parties participated in an in-chambers conference after which the Court issued a temporary order regarding the Christmas holiday. In accordance with the Court's December 24, 2014 Order, counsel for plaintiff submitted a proposed holiday schedule on January 5, 2015 and counsel for defendant submitted a proposed holiday schedule on January 7, 2015. The Court entered a final custody order on January 13, 2015. Father filed his Notice of Appeal and Concise Statement of Errors on February 12, 2015.

Mother filed a Petition for Special Relief on March 11, 2015, asking the Court to clarify the holiday schedule set forth in the January 13, 2015 Order. The Court entered an Order granting Mother's Petition for Special Relief on March 11, 2015.

## II.    SUMMARY OF THE FACTS

Mother and Father were married in September 2007 and divorced in February 2009. *L. A. M.-H.* (Trial Tr. p. 87, Dec. 19, 2014). They have one child together, ▓▓▓▓▓▓▓▓▓▓▓▓ (DOB: 9/11/08) ("Child"). (Id. at 4, 89). Both parties live in Lancaster, Pennsylvania with their respective parents in their parent's homes. (Id. at 4, 69, 86–87).

Father only has a ninth grade education and has worked manual labor jobs. (Id. at 56, 89). Father is currently unemployed and is physically disabled. (Id. at 9, 49–51). Specifically, he has issues with his back and wrist that prevent him from working though Father asserts that his

3

disabilities to not affect his ability to care for his child. (Id. at 9–11). Father has been denied Social Security Disability but testified that he has appealed this decision. (Id. at 49–51).

Father lives with his mother ("Paternal Grandmother") in a three-bedroom home. (Id. at 4–8). Paternal Grandmother works as a mortgage loan originator and works from home. (Id. at 29, 75). At the time of the custody hearing, she also worked part-time at K-Mart. (Id. at 77–78). Paternal Grandmother testified that she does not believe that Father's disability and medicines affect his ability to parent. (Id. at 72–74). She did state that Father's medicines do make him dizzy sometimes. (Id.). The Court directed Father to provide a physician's clearance for Father to drive a car. (Id. at 145–146). Father has provided verification from Dr. Stephen F. Gold, D.O. dated December 26, 2014 indicating that so long as Father takes his medication as prescribed he is not prohibited from driving. (Cust. Order p. 2, Jan. 13, 2015).

Mother lives with her parents, *R.* ████ ("Maternal Grandfather") *and B.* ████ ("Maternal Grandmother"), and *A.* ████ in maternal grandparents' home in Lancaster, Pennsylvania. (Trial Tr. p. 86–87, Dec. 19, 2014). Mother works for Lancaster General Health as a cardiac stenographer. (Id. at 88). She works Monday through Friday from 8:00 a.m. to 4:30 p.m. (Id.). Mother testified that Father's medicines make him drowsy and that she has concerns about him driving and supervising the Child. (Id. at 98–99). She has these concerns based upon what the Child has told her and what she has observed. (Id. at 98–99, 108–110). Specifically, Father frequently sounds or appears groggy when Mother communicates with him. (Id. at 98–99).

The relevant time period for testimony in this case is the time period after the January 18, 2013 custody order entered by agreement of the parties. (Id. at 90). The Child started attending kindergarten at Central Manor Elementary School in 2014. (Id. at 13, 93). In his original Petition to Modify dated July 2, 2014, Father sought to have a shared custody schedule and for the Child

4

to attend the elementary school located in the district where he resides. (Def.'s Pet. To Mod. 2, July 2, 2014). At the custody hearing, Father waived the issue related to school. (Trial Tr. p. 13, Dec. 19, 2014).

Father testified that the prior custody order entered by the agreement of the parties dated January 18, 2013 created confusion regarding "who was picking up [the Child] up, where she was going to be sleeping, and what her schedule's going to be throughout the week." (Id. at 11–12). The custody schedule Father references was "every other weekend and two-and-a-half days a week, and those two-and-a-half days a week varied upon what [Mother's] schedule was." (Id. at 12). Father testified that he filed this custody modification to get a consistent schedule so that the Child has some stability in her life. (Id.).

Father testified that he and the Child both enjoy the time they get to spend with each other after he picks the Child up from school. (Id. at 27). Specifically, he stated that the Child looks forward to the days when Father has the Child after school and then Mother gets the Child after work "[b]ecause she gets to spend time with Daddy each day, and then she gets to see Mommy." (Id.)

## III. STANDARD OF REVIEW

### A. Trial Court Standard of Review

#### i. Child Custody

"[T]he paramount concern in child custody proceedings is the best interest of the child." Moore v. Moore, 634 A.2d 163, 169 (Pa. 1993). In making the custody determination, the Court's guiding principle is the best interests of the Child, in accordance with the factors set forth in 23 Pa.C.S.A. § 5328. The test as to the best interests of the children when two parents are involved is evaluated on a scale that is initially weighed equally as to each parent. Sawko v.

5

Sawko, 625 A.2d 692, 695 (Pa. Super. Ct. 1993). In a custody action, the particular

circumstances of the case must be considered, and each case is to be decided on its own

individual facts. N.H.M. v. P.O.T., 947 A.2d 1268, 1273 (Pa. Super. Ct. 2008); E.A.L. v. L.J.W.,

662 A.2d 1109, 1118 (Pa. Super. Ct. 1995).

### ii. *Petitions to Modify Custody*

In considering a petition for modification of a custody Order between parents, each party

bears the burden of proof by a preponderance of the evidence to show they should be granted

custody, and thus the evidentiary scale is evenly balanced at the outset of the proceedings. 23

Pa.C.S.A. § 5327(a); Sawko v. Sawko, 625 A.2d 692 (Pa. Super. Ct. 1993); In re Temos, 450

A.2d 111 (Pa. Super. Ct. 1982). When a trial court's modification of the terms and conditions of

a custody order does not affect type of custody award, the trial court is not bound to address all

sixteen statutory factors in determining the children's best interest. A.V. v. S.T., 87 A.3d 818,

824 n. 4 (Pa. Super. Ct. 2014); M.O. v. J.T.R., 85 A.3d 1058 (Pa. Super. Ct. 2014).

### B.    Appellate Standard of Review

It is well established that the scope of review of this court in child custody disputes is of

the broadest type—abuse of discretion. In re Arnold, 428 A.2d 627, 628 (Pa. Super. Ct. 1981);

Commonwealth ex rel. Spriggs v. Carson, 368 A.2d 635 (Pa. 1977). An abuse of discretion in the

context of child custody does not consist merely of an error in judgment. K.B. II v. C.B.F., 833

A.2d 767 (Pa. Super. Ct. 2003); T.B. v. L.R.M., 753 A.2d 873 (Pa. Super Ct. 2000), order aff'd,

786 A.2d 913 (Pa. 2001). Abuse of discretion exists only when trial court overrides or misapplies

the law in reaching its conclusion or when its judgment is manifestly unreasonable or the result

of partiality, prejudice, bias, or ill will, as shown by the evidence of record. N.H.M. v. P.O.T.,

947 A.2d 1268, 1272 (Pa. Super. Ct. 2008); K.B. II v. C.B.F., 833 A.2d 767 (Pa. Super. Ct.

2003).

An appellate court is bound by the trial court's factual findings if they are supported in the record; the appellate court exercises its own independent deductions and inferences from facts as found by trial court judge. Anderson v. McVay, 743 A.2d 472 (Pa. Super. Ct. 1999); K.W.B. v. E.A.B., 698 A.2d 609 (Pa. Super. Ct. 1997). Because the Superior Court's role does not include making independent factual determinations, when reviewing a custody order, the Superior Court must accept findings of the trial court that are supported by competent evidence of record. J.M.R. v. J.M., 1 A.3d 902, 911 (Pa. Super. Ct. 2010) quoting Collins v. Collins, 897 A.2d 466, 471 (Pa. Super. Ct. 2006); In re K.T.E.L., 983 A.2d 745, 749 (Pa. Super. Ct. 2009). With regard to issues of credibility and weight of the evidence, the Superior Court must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. J.M.R., 1 A.3d at 911 quoting Collins, 897 A.2d at 471.

## IV. DISCUSSION

In his Concise Statement of Errors, Father raises four issues on appeal.

### A. Issue One

Father states that the "lower court erred in its application of the factors under 23 Pa.C.S.A. § 5328 in determining the best interest of the child when it reduced Defendant's custodial time with the child[.]" (Stmt. of Mtrs. Compl. On Appeal 1, ¶ 2. A., Feb. 12, 2015). In consideration of all of the evidence presented at the December 19, 2014 hearing, the Court ordered a custody schedule where Mother has primary custody of the Child and Father has partial custody of the Child every other weekend and after school every day that Mother is working when the Child gets out of school. During the summers, the parties have shared custody of the Child on a week on/week off schedule and the parties alternate holiday custody of the

7

Child.

Father testified that he was not happy with the January 18, 2013 custody order because it was confusing and he wanted the Child to have stability in her life. The January 13, 2015 Order is not confusing and provides stability for the Child as she is more likely to know where she will be sleeping every night. Father stated that he wants to be the one picking up the Child every day from school, which he will be doing since Mother's work schedule is Monday through Friday from 8:00 a.m. until 4:30 p.m. Father testified that the Child particularly enjoys the days in which Father picks her up from school and she then goes to Mother in the evenings after Mother returns from work because she "gets to spend time with Daddy each day, and then she gets to see Mommy." (Trial Tr. p. 27, Dec. 19, 2014). Under the January 13, 2015 Order, Father will be the one picking up the Child every day from school and the Child will get to spend part of every weekday with both Mother and Father.

Father wants a 50/50 custody schedule and Mother wants a custody schedule where she retains primary custody. Both parties appear to love their Child deeply and want what is in her best interests. Under the circumstances, it is not feasible for the Court to grant what both parties seek for physical custody. In consideration of the best interests of the Child, the Court entered the January 13, 2015 custody order.

## B. Issue Two

Father states that the "lower court erred in its application of the factors under 23 Pa.C.S.A. § 5328 when it did not properly review the factors to determine whether the individual factors weighed in favor of a party[.]" (Stmt. of Mtrs. Compl. On Appeal 1, ¶ 2. B., Feb. 12, 2015). The rationale for the Court's decision as explained in Part IV.A. of this Opinion is applicable to this issue. (See infra. Part IV.A.). The Court considered all of the relevant factors in

8

making its custody determination and ordered a custody that attempted to accommodate both parties' requests for custody as they coincide with the best interests of the Child. Under the January 13, 2015 custody schedule, the Child has meaningful contact with both of her parents for ten days out of every fourteen days. When parties struggle to respectfully communicate with each other and cannot agree on a custody schedule, the custody schedule that the Court fashions for them is sure to not be exactly what either party desires.

## C.    Issue Three

Father states that the "lower court erred in its application of the factors under 23 Pa.C.S.A. § 5328 when it did not determine whether the factors favored Plaintiff to the extent that Defendant's time with the child should be reduced[.]" (Stmt. of Mtrs. Compl. On Appeal 1, ¶ 2. C., Feb. 12, 2015). The rationale for the Court's decision as explained in Parts IV.A. and B. of this Opinion is also applicable to this issue. (See infra. Parts IV.A. & B.).

## D.    Issue Four

Father states that the "lower court erred in determining that the Defendant could not properly pick up the Child because of his back problems and wrist problems[.] (Stmt. of Mtrs. Compl. On Appeal 1, ¶ 2. D., Feb. 12, 2015). This is a misstatement of the Court's Opinion and Order dated January 13, 2015, which reads,

> Father is currently unemployed and is physically disabled. Specifically, he has issues with his back and wrist that prevent him from working though Father asserts that his disabilities to not affect his ability to care for his child. . . .
>
> Mother raised the issue of Father's ability to adequately care for the Child when the Child is in Father's care because of his physical disabilities and how his medications affect him. Father testified that he cannot pick the Child up because of his back problems and wrist problems. . . .
>
> Father is physically disabled due to back and wrist problems. Because of his disability, Father takes medication. Mother presented evidence that Father's medications make him drowsy, which causes her concern for Father's ability to

supervise and transport the Child.

(Cust. Order p. 2, 4–5, Jan. 13, 2015). At the December 19, 2014 hearing, in response to his counsel's question on direct examination, "Does your back condition impact your ability to care for the child?", Father stated, "No, I just can't lift her up." (Trial Tr. p. 11, Dec. 19, 2014). Father testified that he has a modified manner in which he helps the Child up when she stumbles while playing—that he will kneel down, assist her to stand up with his left arm, and rest the Child on his knee. (Id. at 10–11, 54–55). The Court never determined that Father could not *properly* pick up the Child because of his back and wrist problems, but merely accepted the plain meaning of Father's admission that he cannot physically lift up his Child.

## V.    CONCLUSION

The scope of appellate court review in child custody disputes is of the broadest type— abuse of discretion. In re Arnold, 428 A.2d 627, 628 (Pa. Super. Ct. 1981); Commonwealth ex rel. Spriggs v. Carson, 368 A.2d 635 (Pa. 1977). The Court did not override or misapply the law, and the Court's conclusion was not manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record. N.H.M. v. P.O.T., 947 A.2d 1268, 1272 (Pa. Super. Ct. 2008). The Court carefully considered the best interests of the Child, and as a result, entered an order granting shared legal custody, primary physical custody to Mother, and partial physical custody to Father with a shared physical custody schedule during the summer.

BY THE COURT:

_____
LEONARD G. BROWN, III, JUDGE

ATTEST: Andrew Conrad, Deputy
COPIES TO: H. Allison Wright, Esquire
           Michael E. McHale, Esquire

10

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO: 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 3-16-15