523 A.2d 782

**Lorraine WALKER**

v.

**Albert WALKER.**

**Appeal of Patricia WALKER.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1986.

Filed April 2, 1987.

Caryl A. Oberman, Philadelphia, for appellant.

William J. Barker, Jr., Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

Appellant is a nineteen year old, mentally retarded woman who seeks relief from the trial court's order, entered in a custody proceeding, that she visit her mother, undergo a psychological examination, and attend family counseling. In this appeal, appellant argues, *inter alia*,[1] that the trial court lacked subject matter jurisdiction since she was eighteen years old at the time the trial court issued its order and was no longer a "child" as defined by statute.

Appellant's parents were separated in 1973 and divorced in 1974. Appellant lived with her mother from 1973 to 1980, visiting her father on alternate weekends. In 1980,

---

1. Because of our disposition of this appeal on the issue of subject matter jurisdiction, we do not reach the merits of appellant's other issues.

father sought custody of appellant. For the next two years, appellant spent time with both parents. In 1982, the parents agreed that each of them would have custody of appellant for alternating six month periods, and that appellant would visit the non-custodial parent every other weekend. A court order was entered upon this agreement in 1983.

At the end of father's custodial period, he requested mother to allow appellant to remain in his custody with his wife and their two children. Mother agreed, but continued to visit appellant on alternate weekends. In 1985, about the time that appellant turned eighteen years old, she refused to visit her mother. Mother then filed a petition for contempt against father. A hearing was held on this matter on December 20, 1985. Though father received notice of the hearing, appellant did not, nor was she individually represented by counsel at the hearing. However, she did testify regarding her desire not to visit her mother.

The trial court found that appellant had been strongly influenced by father to reject mother and thus entered an order imposing the obligations previously mentioned upon *appellant*. Appellant filed a timely appeal from this order. In both her brief to this Court as appellee and in a subsequently filed motion to quash, mother asserts first, that appellant was never a party to the trial court action and thus lacks standing to appeal under Pa.R.A.P. 501, and second, that appellant waived her issues by failing to raise them in the trial court. Father has taken no action in this appeal.

We first address the standing issue raised by mother. The relevant rule in this Commonwealth is stated in *Newberg by Newberg v. Board of Public Educ.*, 330 Pa.Super. 65, 478 A.2d 1352 (1984): "an appeal by one who is not a party to a proceeding in the trial court must be quashed." *Id.*, 330 Pa.Superior Ct. at 68–69, 478 A.2d at 1354 (citations omitted). *See also* Pa.R.A.P. 501. It is undisputed that appellant was not a named party to the trial court action. However, appellant did participate in the action. Moreover,

she was indispensable to that action since the moving party, mother, sought to compel appellant, not father to visit her.[2] Finally, because it is appellant's rights rather than father's which are affected, we question who is more aggrieved by the trial court's order in this matter than appellant?

■ What distinguishes this case from other custody actions is that the subject of the litigation is no longer a "child." Yet, her age may not preclude the trial court's order from being enforced by the local law enforcement agency. We hold that under these circumstances, where a custody order imposes obligations upon an individual who is eighteen years old or older, the person aggrieved has standing to appeal that order.[3]

■ Regarding mother's contention that appellant waived her issues by failing to raise them in the trial court action, we note, simply, that under Pa.R.C.P. 1915.10(b) (post-trial motions may not be filed to an order of custody, partial custody or visitation) she was prohibited from doing so. *See also Fenstamaker v. Fenstamaker*, 337 Pa.Super. 410, 487 A.2d 11 (1985) (no exceptions are required to be filed in the trial court to preserve issues arising out of a contempt order).[4]

---

**2.** *Newberg* further states that while the Appellate Rules do not define "party," the note following the appellate definitional rule, Pa.R.A.P. 102, refers to 42 Pa.C.S. § 102 which does define "party" as a "person who commences or against whom relief is sought in a matter...." 330 Pa.Super. at 68–69, 478 A.2d at 1354. In the instant case, since relief is sought from *appellant*, she is a "party" as defined by 42 Pa.C.S. § 102.

**3.** This holding is limited to individuals eighteen years old or older. We do not at this time decide what right, if any, extends to children to appeal.

**4.** In its opinion, the trial court emphasizes that its visitation order is temporary pending the outcome of the psychological examination and family counseling. Pursuant to the filing of this appeal, appellant petitioned this Court for an expedited stay pending appeal which we granted on February 18, 1986. Thus, no further action has been taken to make the trial court's order permanent. Though neither party has raised this issue, that part of the order involving visitation at least is interlocutory. However, we find per the collateral order doctrine, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), that the entire order is appealable. *See also Cady v.*

Having found that this appeal is properly before us, we now address the merit of appellant's claim that the trial court lacked the authority to order her to visit her mother, undergo a psychological examination, and submit to family counseling.

 A "child" is defined in this Commonwealth for domestic relations purposes, including custody proceedings, as "[a]ny unemancipated person under 18 years of age." 23 Pa.C.S.A. § 5302 (Purdon Supp.1986). The trial court's jurisdiction in these proceedings is limited to proceedings involving *children. Fernald v. Fernald,* 224 Pa.Super. 93, 302 A.2d 470 (1973). Though appellant functions at a moderate level of retardation, chronologically she was eighteen years old at the time the trial court issued its order. Thus, because she was not a child at that time, the trial court was without proper subject matter jurisdiction. While other remedies may be available to the mother, she cannot compel appellant to visit her through this type of action. Therefore, we reverse and set aside the trial court's order. This decision is in accord with *Schmidt v. Schmidt,* 313 Pa.Super. 83, 459 A.2d 421 (1983) in which we held that an adult cannot be compelled by court order to visit a parent against his or her will. *Schmidt* also involved an adult daughter with reduced mental capacity. However, unlike the facts in the case before us, there was strong evidence in *Schmidt* that the parent seeking visitation was abusive and evoked intense feelings of fear and anger in the daughter.

The appellee's motion to quash is denied. Order appealed from is reversed.

*Weber,* 317 Pa.Super. 481, 464 A.2d 423 (1983) (custody award held appealable even though court also ordered additional studies for further consideration).