J-S32017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H.P.R. | : | |
| | : | |
| Appellant | : | No. 159 EDA 2019 |

Appeal from the Order Entered November 20, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2018-00303

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 25, 2019**

H.P.R. (Father) appeals *pro se* from the order denying his emergency petition to modify custody with respect to his now eighteen-year-old daughter, A.M.R. (Child), and his emergency petition for contempt in custody.  For the reasons that follow, we dismiss Father's appeal as moot.

The relevant factual and procedural history of this appeal is as follows. Father and A.R. (Mother) married in May of 1997.  Three children were born during the marriage: R.R. (born in October of 1997), H.R., III (born in February of 1999), and Child (born in May of 2001).  The parties separated in late 2017, and Mother filed a complaint in divorce on January 9, 2018. Thereafter, on March 23, 2018, Father filed an answer and counterclaim to the complaint in divorce, seeking, in relevant part, shared legal and physical custody of Child.

On May 9, 2018, the trial court entered an agreed-upon temporary custody order, providing Mother and Father with shared legal custody. Order, 5/9/18, at 1. Mother obtained primary physical custody. *Id.* at 1-2. Further, the order required Father and Child to attend therapeutic reunification counseling. *Id.* at 2. By order entered May 25, 2018, the trial court[1] appointed Gerald Cooke, Ph.D. as a custody evaluator, and it required Mother and Father to share the costs evenly. Custody Evaluation Order, 5/25/18.

On August 14, 2018, Father filed an emergency petition to modify custody and an emergency petition for contempt. In the emergency petition to modify custody, Father sought full physical custody, accusing Mother of engaging in improper parenting and causing Child to be alienated from him. Emergency Pet. for Modification of Custody Order, 8/14/18, at 8. In the emergency petition for contempt, Father asserted that Mother refused to return the paperwork and payment for Dr. Cooke to conduct a custody evaluation. Emergency Pet. for Civil Contempt for Disobedience of Custody Evaluation Order, 8/14/18 at 5.

The parties appeared for a hearing on September 21, 2018. At the hearing, Mother and Father reached a tentative resolution of Father's petition for contempt. By order entered September 26, 2018, the trial court awarded Father partial physical custody of Child for a two-hour brunch each Sunday

---

[1] Judge Rhonda Lee Daniele presided over this matter until November of 2018.

and a two-hour dinner each Wednesday[2] and directed Father and Child to resume reunification counseling. Order, 9/26/18, at 2. The order also provided that if "Plaintiff-Mother and [Child] comply with this [o]rder, it is understood that the contempt petition will be withdrawn by Defendant-Father, and no sanctions imposed." *Id.* at 3. Further, the trial court scheduled a custody hearing for November 2018. *Id.* at 2.

At the hearing on November 19, 2018, Father, acting *pro se*, presented the testimony of Mother, Father, and H.R., III. The trial court also conducted an *in camera* interview of Child.[3] At the conclusion of the hearing, the trial court evaluated the custody factors on the record and ruled against Father.

On November 20, 2018, the trial court entered the order denying Father's petitions, directing Father to participate in individual therapy and anger management, and requiring Mother and Father to participate in family therapy. Order, 11/20/18, at 1-2. The trial court declined to enter a formal custody schedule, while noting, "[Child] may visit with her Father at her discretion and is encouraged to do the same." *Id.* at 1.

---

[2] The order specified, "Defendant-Father shall not converse with [Child] regarding the parties' divorce, financial matters, litigation, and/or Plaintiff-Mother's personal life." Order, 9/26/18, at 2.

[3] Judge Carolyn Tornetta Carluccio presided over the November 19, 2018 hearing and entered the November 20, 2018 order that is the subject of this appeal. Child was approximately seventeen and one-half years old at the time of the hearing.

On December 19, 2018, Father timely filed a notice of appeal. Father filed a Pa.R.A.P. 1925(b) statement on January 17, 2019.[4] Father's Rule 1925(b) statement consists of ten single-spaced pages, in which he asserts that (1) the trial court erred in its analysis of numerous custody best interest factors, (2) the court precluded Father from presenting sufficient evidence of alienation, and (3) Mother's pre-trial statement contained "many falsehoods" that the trial court improperly took into account.[5] Concise Statement of Errors Complained of on Appeal, 1/17/19, at 2-7. Father also challenged "[t]he dismissal of Judge Daniele's order for a custody evaluation." ***Id.*** at 7.

On appeal, Father has filed a *pro se* brief that does not comply with Rules of Appellate Procedure governing the form and content of an appellate

---

[4] Father failed to file a concise statement of errors complained of on appeal concurrently with his notice of appeal in violation of Pa.R.A.P. 1925(a)(2)(i) and (b). On December 27, 2018, the trial court issued an order directing Father to file a concise statement within twenty-one days. Father timely complied. Because Mother does not claim prejudice as a result of Father's procedural violation, we will not quash or dismiss his appeal as a result of this procedural misstep. ***See In re K.T.E.L.***, 983 A.2d 745, 748 (Pa. Super. 2009); ***cf. J.P. v. S.P.***, 991 A.2d 904, 908 (Pa. Super. 2010) (holding that appellant waived all issues by failing to file a concise statement of errors complained of on appeal when directed by the trial court).

[5] Mother filed a motion to quash, asserting that Father's Rule 1925(b) statement did not concisely or specifically identify the rulings or errors he intended to challenge on appeal. This Court denied the motion without prejudice. Mother has not renewed her objection to Father's Rule 1925(b) statement.

brief.[6]   However, it appears that Father intends to challenge the trial court's findings of fact and conclusions of law with respect to the court's denial of his emergency petition to modify custody.  Father "respectfully requests that the decision of [the trial court] be overturned and [Child] be removed from . . . Mother's house immediately.  **[Child's] 18th birthday is only weeks away and even a few days with Father would go a long way in reconciling the alienated relationship**."[7]  Father's Brief at 43 (emphasis added).  Father

_____

[6] Among other issues, Father's brief does not contain a statement of the questions involved or a summary of the argument.  *See* Pa.R.A.P. 2116, 2118. Although Father includes a lengthy background section, there are essentially no references to the record to support the facts he asserts.  *See* Pa.R.A.P. 2117(a)(4) (requiring, in relevant part, that a brief contain "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found").  Father includes a section entitled "Errors by the Trial Court."  *See* Pa.R.A.P. 2119 (setting forth the requirements of the argument section of a brief).  However, Father fails to include citations to authority beyond quoting various portions of 23 Pa.C.S. § 5328(a).  *See* Pa.R.A.P. 2119(a), (b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (failure to conform to the Rules of Appellate Procedure may results in waiver of the underlying issue).

This Court could dismiss this appeal based on a defective brief.  ***See Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996).  However, we will construe Father's brief liberally.  ***See id.*** (reiterating that this Court may construe a *pro se* litigant's material liberally but will not act as his attorney).

[7] Father certified that he served his brief on April 14, 2019, approximately one month before Child's eighteenth birthday.

also asserts that the trial court erred in dismissing the fact that Mother failed to comply with the Judge Daniele's prior order for a custody evaluation.[8] *Id.* at 43.

Generally, in custody cases under the Child Custody Act, ("the Act"), 23 Pa.C.S. §§ 5321-5340, our standard of review is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

_____

[8] As to Judge Daniele's order for a custody evaluation, Father's argument consists of the following:

> Judge Carluccio gave no reason for the dismissal of the custody evaluation order ordered by Judge Daniele. She just dismissed it. Mother suffers from serious Cluster B personality disorders and she is infecting the children with the same. Mother refused to comply with Judge Daniele's April 24th 2018 order and Judge Carluccio let her get away with it. In Judge Carluccio's court, there is no rule of law.

Father's Brief at 34. We conclude that claim is waived based on the failure to develop a proper argument. *See* Pa.R.A.P. 2119(a), (b); *Buterbaugh*, 91 A.3d at 1262; *see also Smathers*, 670 A.2d at 1160. In any event, we note that Father's argument fails to discuss the September 21, 2018 hearing and Judge Daniele's September 26, 2018 order.

The Act defines "child" as "[a]n unemancipated individual under 18 years of age." 23 Pa.C.S. § 5322. When discussing a former version of the Act, this Court observed:

> A "child" is defined in this Commonwealth for domestic relations purposes, including custody proceedings, as "[a]ny unemancipated person under 18 years of age." 23 Pa.C.S.[] § 5302 [(repealed effective Jan. 24, 2011)]. The trial court's jurisdiction in these proceedings is limited to proceedings involving children. Though appellant functions at a moderate level of retardation, chronologically she was eighteen years old at the time the trial court issued its order. Thus, **because she was not a child at that time, the trial court was without proper subject matter jurisdiction. While other remedies may be available to the mother, she cannot compel appellant to visit her through this type of action**. Therefore, we reverse and set aside the trial court's order. This decision is in accord with *Schmidt v. Schmidt*, . . . 459 A.2d 421 ([Pa. Super.] 1983) in which we held that an adult cannot be compelled by court order to visit a parent against his or her will. *Schmidt* also involved an adult daughter with reduced mental capacity. However, unlike the facts in the case before us, there was strong evidence in *Schmidt* that the parent seeking visitation was abusive and evoked intense feelings of fear and anger in the daughter.

*Walker v. Walker*, 523 A.2d 782, 784 (Pa. Super. 1987) (some citations omitted) (emphasis added).[9]

---

[9] We acknowledge that *Walker* applied the definition of "child" under a prior version of the Custody Act. *Walker*, 523 A.2d at 784. The current version of the Act contains an almost identical definition. *Compare* 23 Pa.C.S. § 5302 (repealed effective Jan. 24, 2011) ("[a]ny unemancipated person under 18 years of age"), *with* 23 Pa.C.S. § 5322 ("[a]n unemancipated individual under 18 years of age").

The inability of a court to provide the relief requested by the party also implicates the mootness doctrine. As this Court has explained:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (citations and quotation marks omitted).[10]

Here, Child turned eighteen in May of 2019, while this appeal was pending. Because Child is now eighteen years old, neither Mother nor Father may be awarded legal or physical custody of Child pursuant to the Act. *See Walker*, 523 A.2d at 784. Further, Child is now free to live with Mother, Father, or neither parent. *See id*. Father's request for his now-emancipated daughter to "be removed from [Mother]'s house immediately" is inconsistent with any relief available under the Act or that which this Court could provide

---

[10] There are exceptions to the mootness doctrine when: "1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *D.A.*, 801 A.2d at 616. This matter implicates none of the exceptions.

on appeal. *See id.* Therefore, we conclude Father's appeal is moot and dismiss this appeal.[11]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/19

---

[11] Had we not found Father's issue to be moot, we would determine that the trial court's conclusions do not involve an error of law or abuse of discretion. We may reject the conclusions of the trial court only if they involve an error of law or are unreasonable in light of the sustainable findings of the trial court. *See V.B.*, 55 A.3d at 1197. Here, the trial court adequately and comprehensively explained its findings, and the competent evidence in the record supports them. Therefore, Father's arguments, which essentially ask this Court to reweigh the evidence, would merit no relief. *See id.*